## 35323. EVERETT v. REWIS et al.

NICHOLS, Chief Justice.

On June 16, 1979, the appellant brought a mandamus action in Tattnall Superior Court against the clerk and court reporter seeking to require the filing of the transcript of his March 27, 1979, habeas corpus hearing, so final judgment could be entered. Appellant alleged that the reporter's failure to transcribe and file the transcript amounted to a systematic suspension of his habeas rights. He sought an order requiring the reporter to file the transcript within ten days. The trial court denied the petition for mandamus without stating any reasons therefor. Appellant filed this pro se appeal. There is no transcript of the mandamus hearing. No briefs have been filed by the appellant or the appellees.

There is no statutory time limitation for the filing of transcripts except in cases where the death penalty was imposed. Code Ann. § 27-2401. Therefore, there was no clear legal duty to file the transcript within a particular period of days. The trial court did not err in denying the appellant's petition for writ of mandamus.

Although mandamus will not lie in the circumstances of this case, the trial court ought not to dismiss the complaint where it appears that more than a reasonable time has elapsed since the hearing. Rather, it should exercise a sound discretion in the matter and should inquire into the cause for the delay in transcription. This court cannot say on the present record that the delay was unreasonable as a matter of law or that the trial court abused its discretion in dismissing the action.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 31, 1979 — DECIDED OCTOBER 2, 1979.

Willie Charles Everett, *pro se.*
*Arthur K. Bolton, Attorney General,* for appellees.
Billie K. Rewis, *pro se.*