## 45664. HARDY v. THE STATE.
### (371 SE2d 849)

GREGORY, Justice.

Kenneth Hardy was convicted of murder and sentenced to death. This court affirmed his conviction in *Hardy v. State,* 245 Ga. 272 (264 SE2d 209) (1980). At trial the district attorney, who is now deceased, quoted passages from *Eberhart v. State,* 47 Ga. 598, 610 (1873) and *Hawkins v. State,* 25 Ga. 207, 211 (1858), to the jury. Seven weeks prior to Hardy's trial this court had specifically disapproved use of the passage quoted from *Eberhart* in *Hawes v. State,* 240 Ga. 327 (11) (240 SE2d 833) (1977). On petition for habeas corpus a federal district court found that the quoting of the *Eberhart* and *Hawkins* passages rendered the sentencing phase of Hardy's trial fundamentally unfair. The federal court set Hardy's sentence aside, finding that the quoting of these passages was "a blatant attempt by the prosecutor in this case to circumvent the law to get an improper argument before the jury." *Hardy v. Kemp, Warden,* #C-86-115-G, Slip op. p. 18 (Decided March 26, 1987).

The case was remanded to the trial court for retrial on sentencing, and the state announced its intention to again seek the death penalty. Hardy filed this plea of double jeopardy which the trial court denied.

The general rule is that when a mistrial is granted at the defendant's request due to trial error, the Double Jeopardy Clause does not bar the state from retrying the case. *Williams v. State,* 258 Ga. 305 (368 SE2d 232) (1988); *Oregon v. Kennedy,* 456 U. S. 667 (102 SC 2083, 72 LE2d 416) (1982); *United States v. Dinitz,* 424 U. S. 600 (96 SC 1075, 47 LE2d 267) (1976). However, there is a narrow exception to this rule. "Only where the [state] conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." *Oregon v. Kennedy,* supra at 676. Hardy argues that the district attorney's conduct in quoting from *Eberhart* and *Hawkins* was intended to goad him into moving for a mistrial in the case, and under *Oregon v. Kennedy,* supra, retrial should be barred.

The trial judge before whom Hardy brought the plea of double jeopardy is the judge who presided over the trial of Hardy's case. In its order denying the plea of double jeopardy, the court found that

The District Attorney strongly felt that the evidence was suf-

ficient to convict [Hardy], and that no reversible error had been committed by the court. He felt that the death penalty would be affirmed by the Supreme Court. His remarks taken from *Eberhart* and *Hawkins* were made for the sole purpose of inflaming the minds of the jury, and for no other purpose. A mistrial was the furtherest thing from the desire of the District Attorney.

The trial court based its findings on the lack of evidence in the record of trial indicating that the district attorney intended to goad Hardy into moving for a mistrial, "coupled with the court's familiarity with the district attorney's trial tactics over the years, and knowing the district attorney's philosophy."[1]

These are powerful findings that there was no intent on the part of the district attorney to goad Hardy into moving for a mistrial. The record before us overwhelmingly indicates a different purpose. The district attorney's purpose in quoting from *Eberhart* and *Hawkins*, as found by both the federal habeas court and the trial court, was to inflame the minds of the jury and improperly enhance the opportunity for a verdict in favor of the death penalty. This conduct has been held to be error. It has been corrected by the grant of a new trial on sentencing.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1988 —
RECONSIDERATION DENIED SEPTEMBER 28, 1988.

*Walter B. Harvey,* for appellant.
*Timothy G. Madison, District Attorney, Michael J. Bowers, Attorney General,* for appellee.

---

[1] We point out that at the time of Hardy's trial the trial judge in question was the only superior court judge in the Piedmont Judicial Circuit and obviously well acquainted with the district attorney and his conduct of criminal cases before the court.