## A90A1136. SANDERS v. THE STATE.
### (399 SE2d 734)

Pope, Judge.

Defendant Mark Allen Sanders was convicted of rape, two counts of aggravated sodomy, kidnapping and possession of a knife during the commission of a crime, following a second trial based on these charges. His first trial ended in a mistrial. In his motion for new trial, defendant argued that trial counsel (who is different from counsel who made the motion and appealed) was ineffective because he did not raise a plea in bar based on double jeopardy and because he did not impeach certain witnesses at the second trial with their testimony from the first trial. The trial court denied defendant's motion for new trial, specifically rejecting, inter alia, defendant's ineffectiveness arguments. *Held*:

1. Defendant argues trial counsel in his second trial was ineffective because he failed to raise the defense of double jeopardy. In his first trial, the trial court, in a series of rulings, ordered that evidence of defendant's drug use prior to the night of the alleged crimes could not be presented and ordered the prosecutor to so instruct his witnesses. The prosecutor did so and complied with the orders of the trial court. However, on cross-examination the prosecutor asked defendant the reason he left his employment with Copperfield's, a restaurant at which he worked for a time with the victim, for the second time. Defendant replied that he was to be admitted to Charter Peachford Hospital to receive treatment for cocaine addiction. The trial court granted the defense motion for mistrial.

Defendant argues that this conduct objectively demonstrates prosecutorial misconduct sufficient to bar a second trial. "The general rule is that when a mistrial is granted at the defendant's request due to trial error, the Double Jeopardy Clause does not bar the state from retrying the case. *Williams v. State*, 258 Ga. 305 (369 SE2d 232) (1988); *Oregon v. Kennedy*, 456 U. S. 667 (102 SC 2083, 72 LE2d 416) (1982); *United States v. Dinitz*, 424 U. S. 600 (96 SC 1075, 47 LE2d 267) (1976). However, there is a narrow exception to this rule. 'Only where the (state) conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.' *Oregon v. Kennedy*, supra at 676." *Hardy v. State*, 258 Ga. 523 (371 SE2d 849) (1988).

At the hearing on the motion for new trial, the prosecutor testified that he had acted as he had because he had understood the trial court's rulings prohibited him from introducing evidence of the defendant's prior drug use in presenting the State's case, but did not prevent him from exploring the subject if the defendant raised it himself. He testified that he was satisfied with the progress of the trial

and with the jury and that he had no intention to goad the defense into moving for a mistrial. The judge on the motion for new trial was the same judge who tried both the first and second cases. She found specifically that the prosecutor's question that resulted in a mistrial of the first case was not asked "to harass or to goad or to intentionally provoke a mistrial," and that she would not have granted a plea of double jeopardy had one been raised. Our review of the record shows that the evidence supports the finding of the trial court. Trial counsel could not have been ineffective because he failed to raise a motion for double jeopardy that had no merit.

2. Defendant argues that trial counsel was ineffective because he failed to impeach several witnesses with their testimony from the first trial. Contrary to defendant's argument on appeal that trial counsel did not read the transcript of the first trial before the beginning of the second trial, the record on the motion for new trial shows that trial counsel stated that he did read the transcript. The record also shows that trial counsel was an experienced criminal trial attorney. The trial court found that trial counsel's cross-examination was adequate and that he provided effective assistance of counsel to Sanders.

Each of the areas of impeachment cited to us by appellate counsel are matters of judgment or trial tactics regarding whether they should be raised. They simply are matters of trial strategy in which appellate counsel and trial counsel differ. Such disagreement does not amount to ineffective assistance of counsel. See *Spivey v. State*, 193 Ga. App. 127 (3) (386 SE2d 868) (1989). The record before us supports the finding by the trial court that trial counsel rendered effective assistance of counsel.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 4, 1990.

*Joseph A. Maccione*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.