## S91G1476. BECK v. THE STATE.
(412 SE2d 530)

BELL, Justice.

The issue before us is whether the trial court made sufficient findings and conclusions to support its grant of a plea of double jeopardy. The defendant, Michael Odell Beck, was brought to trial on charges of child molestation. During the trial the court granted a motion for mistrial because the prosecutor violated an order that had excluded evidence of similar transactions. Beck later made a plea of double jeopardy that was predicated on the prosecutorial conduct that led to the mistrial.

> Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion. [*Oregon v. Kennedy,* 456 U. S. 667, 676 (102 SC 2083, 2089, 72 LE2d 416) (1982).]

In granting the plea in the present case, the court orally ruled that the prosecutor had "a deliberate intent to goad [defense counsel] into a mistrial, . . . and that it was prosecutorial misconduct." The court later entered a written order in which the court concluded that the "prosecutorial error, . . . in violation of the Court's order . . . was intentional," and that "such intentional conduct on the part of the prosecution is sufficient to bar retrial." However, the written order

omitted, perhaps by clerical error, the court's earlier oral ruling that the prosecutor had deliberately intended to goad defense counsel into a mistrial. Moreover, on appeal by the State to the Court of Appeals, the transcript of the double jeopardy hearing was omitted from the record that was transmitted to the Court of Appeals.

The Court of Appeals reversed the grant of the plea of double jeopardy, holding that the trial court's findings were insufficient to raise the bar of double jeopardy. *State v. Beck*, 200 Ga. App. 557, 558 (409 SE2d 57) (1991). We granted certiorari, and thereafter ordered transmitted to this Court the transcript of the double jeopardy hearing. Our review of that heretofore missing piece of the record shows that, when the trial court's oral and written rulings are considered as a whole, the court's findings in support of its grant of the plea of double jeopardy meet the test of *Oregon v. Kennedy*, supra, 456 U. S. 667. Accordingly, the trial court did not err in granting the plea of double jeopardy, and we therefore reverse the judgment of the Court of Appeals.

*Judgment reversed. Clarke, C. J., Weltner, P. J., Bell, Hunt and Benham, JJ., concur; Fletcher, J., dissents.*

DECIDED JANUARY 29, 1992.

*J. M. Raffauf, Alden W. Snead,* for appellant.
*J. David McDade, District Attorney, Lois W. Gerstenberger, Assistant District Attorney,* for appellee.