## A92A1768. WILLIAMS v. THE STATE.

(427 SE2d 59)

CARLEY, Presiding Judge.

Appellant was brought to trial before a jury on a charge of selling cocaine. On appellant's motion, however, a mistrial was declared. Although appellant sought to avoid retrial, his plea of double jeopardy was denied and a jury returned a verdict of guilty. He appeals from the judgment of conviction and sentence entered on the jury's guilty verdict and he enumerates as error only the denial of his plea of double jeopardy.

" 'Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion. (Cit.)' " *Beck v. State*, 261 Ga. 826 (412 SE2d 530) (1992). Accordingly, it would not be error to overrule appellant's plea of double jeopardy unless he had been "goaded" by the State into moving for a mistrial during his previous trial. "[A] stringent analysis of the prosecutor's conduct in the first trial must be undertaken to determine if there was 'prosecutorial overreaching.' " *Studyvent v. State*, 153 Ga. App. 161, 162 (264 SE2d 695) (1980).

The mistrial was prompted by the following circumstances: On direct examination, the investigating officer testified that, on the day he purchased cocaine from appellant, he had been accompanied by a confidential informant with whom he had been working. When asked to explain "why this person was called an informant," the officer testified that "[a]n informant is someone who relays information to officers about certain activities, illegal activities . . . [who] assists the officer in meeting certain people that may be involved in illegal activities." Although this testimony did not attribute any statement to the informant which was directly inculpatory of appellant, appellant nevertheless moved for a mistrial on the ground that it impermissibly placed his character into issue. See *Anderson v. State*, 252 Ga. 103 (312 SE2d 113) (1984). The trial court, apparently construing the testimony as indirectly intimating that appellant had become a "target" for the officer because of inculpatory information supplied by the informant, granted the mistrial. See *Osborne v. State*, 193 Ga. App. 276, 277 (3) (387 SE2d 383) (1989). But see *Frazier v. State*, 195 Ga. App. 599, 600 (4) (394 SE2d 396) (1990) (physical precedent only).

Even assuming that a mistrial may have been warranted and that curative instructions would not have been sufficient, the circumstances are not such as to demand that appellant's plea of double jeopardy be granted. "[T]he standard is the intent of the prosecutor in connection with the misconduct." *State v. Whitehead*, 184 Ga. App. 162, 163 (361 SE2d 41) (1987). Prosecutorial misconduct " 'that

might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion, . . . does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause. . . .' [Cit.]" *Fugitt v. State*, 253 Ga. 311, 315-316 (E) (319 SE2d 829) (1984). "Intent is a question of fact for the court to resolve. [To authorize the grant of a plea of double jeopardy], the facts must warrant the conclusion that there was such an instigative intention." *State v. Whitehead*, supra at 163. In the instant case, the trial court who heard appellant's plea of double jeopardy obviously found no "instigative intention" and "the evidence supports the finding of the trial court." *Sanders v. State*, 197 Ga. App. 867, 868 (1) (399 SE2d 734) (1990). It follows that appellant's "plea in bar based upon double jeopardy was properly denied." *Potts v. State*, 257 Ga. 402, 403 (359 SE2d 916) (1987).

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 12, 1993 —
RECONSIDERATION DENIED JANUARY 19, 1993.

*Summer & Summer, Chandelle T. Summer*, for appellant.
*C. Andrew Fuller, District Attorney, William M. Brownell, Jr., Assistant District Attorney*, for appellee.