## S95A0250. LEWIS v. THE STATE.
### (457 SE2d 173)

HUNT, Chief Justice.

Jennifer Layne Lewis shot and killed her husband, Duane Lewis, with a handgun. She was convicted of felony murder and possession of a firearm during the commission of a crime and sentenced to life in prison plus five years to be served consecutively.[1] She appeals and we affirm.

1. We have reviewed the evidence in the light most favorable to the jury's determination and conclude that a rational trier of fact could have found the defendant guilty of the crimes for which she was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lewis contends the trial court erred in denying her motion for new trial, contending error in the trial court's failure to grant a mistrial. We disagree.

Lewis argues the trial court was required to grant her motion for a mistrial made when it became apparent, on direct examination of a police detective testifying for the state, that although the state, pursuant to a *Brady* motion, had turned over to the defense a diagram of the crime scene, the state had not turned over to the defense (and apparently the prosecutor was unaware of this evidence prior to the detective's testimony) a copy of the diagram with measurements the detective had taken at the scene. In denying the motion for new trial on this ground, the trial court noted that it had given the defense several hours to review the diagram and interview witnesses regarding the diagram and measurements, and had also offered to recess the trial for several days so that the defense could obtain expert evidence in rebuttal, which offer defense counsel declined. The trial court also noted that two witnesses testifying for the defense at the hearing on the motion for new trial regarding the necessity of the evidence to the

---

[1] The crimes were committed on May 31, 1993. Lewis was indicted by the Glynn County Grand Jury in its March 1993 term for malice murder, felony murder, voluntary manslaughter and possession of a firearm during the commission of a crime. She was tried before a jury October 18-22, 1993, and sentenced on October 22, 1993. Her motion for new trial, filed November 10, 1993 and amended September 6, 1994 was denied on September 14, 1994. Lewis filed her notice of appeal on September 22, 1994, the appeal was docketed in this court on November 2, 1994 and orally argued on March 13, 1995.

defense and various flaws in the detective's measurements of the crime scene, said they could have prepared within a relatively short period of time to testify in rebuttal regarding the evidence had they been asked to do so at trial. Further, the trial court noted the crime scene, Lewis's residence, was under her control prior to trial, that she was able to take measurements of the scene, and that she should have anticipated the measurements which would have been at issue at trial.

The record supports the trial court's findings and conclusions that Lewis has not demonstrated prejudice in the state's failure to produce the diagram before trial. *Dennard v. State*, 263 Ga. 453, 454 (4) (435 SE2d 26) (1993). Contrary to Lewis's argument, nothing in *Kyles v. Whitley*, 514 U. S. ____ (115 SC 1555, 131 LE2d 490) (1995) requires a different result.

3. Lewis contends the trial court erred by denying her motion for new trial on her claim of ineffective assistance of trial counsel. We disagree.

Lewis argues trial counsel's performance was defective because he failed to present evidence of the battered woman syndrome in support of Lewis's claim of self-defense. Trial counsel testified that he was familiar with this syndrome and that he had used evidence of the syndrome as part of the defense in at least one case. He further testified that he rejected the use of such evidence in this case for two reasons. First, based on his interviews with Lewis and other witnesses, he did not believe a jury would find the evidence as applied to Lewis credible. Second, he was concerned that use of that evidence would permit the state to present evidence of prior violent acts by Lewis not directed against the victim, whereas foregoing evidence of the syndrome as part of the defense of justification would limit the state to prior acts of aggression by Lewis against the victim. The trial court held that trial counsel's decision not to pursue a defense based on the battered woman syndrome was a reasonable choice of trial strategy.

We agree with the trial court that Lewis has not shown that trial counsel's failure to produce evidence regarding the battered woman syndrome fell below an objective standard of reasonableness. *Ferrell v. State*, 261 Ga. 115, 119 (3) (401 SE2d 741) (1991). Although the trial court made no findings or conclusions in this regard, we note that Lewis also did not demonstrate that there was a reasonable probability that the outcome of the trial would have been different but for the alleged error. *Kidwell v. State*, 244 Ga. 427, 432 (11) (444 SE2d 789) (1994). Accordingly, Lewis has met neither prong of the test for ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), and the trial court did not err in denying her motion for new trial on this ground.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 15, 1995 —
RECONSIDERATION DENIED JUNE 8, 1995.

*Michael C. Garrett, Allison L. Byrd,* for appellant.
*Glenn Thomas, Jr., District Attorney, Stephen D. Kelley, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellee.
*Cook & Palmour, Bobby Lee Cook,* amicus curiae.