S97A0878. WILLIAMS v. THE STATE.
(491 SE2d 377)

SEARS, Justice.

Appellant Steven James Williams appeals from the trial court's ruling that because jeopardy did not attach to the State's first prosecution against him, which ended in a mistrial, the State is not barred from retrying him for murder. Having reviewed the record, we find no evidence that the declaration of a mistrial was either directly or indirectly intended by the State as a means of averting an acquittal or reversal, and therefore we affirm.

Williams was indicted for felony and malice murder after the shooting death of his acquaintance, Baldowski. Before trial, Williams

sought unsuccessfully to block the introduction of similar transactions evidence concerning previous altercations in which he had threatened individuals with firearms. At trial, Williams argued accident in his defense. Also at trial, the State sought under *Hull v. State*[1] to introduce evidence of Williams' alleged involvement in a theft ring. The State claimed that the murder had resulted from Williams' fear that Baldowski would expose the theft ring. The trial court permitted the theft ring evidence to show motive, but indicated that it intended to limit the State's use of the evidence.

At the conclusion of the State's case, Williams moved for judgment of acquittal. The trial court found that the State had failed to connect the alleged theft ring with a motive for the shooting. The trial court also found that the theft ring evidence was prejudicial to Williams, and should not have been admitted if it could not be connected to the shooting. Williams then moved for a mistrial, and that motion was granted. The case was set for retrial, and Williams moved on double jeopardy grounds to bar his reprosecution. The trial court denied that motion.

The primary purpose of the Double Jeopardy Clause is to prohibit the retrial of a criminal defendant where, at the initial trial, the prosecution failed to introduce sufficient evidence to sustain a conviction.[2] Retrial generally is not prohibited where reversal is due to trial error rather then the sufficiency of the evidence.[3] Where, as here, a mistrial is granted at the request of a criminal defendant, retrial is not prohibited on the basis of double jeopardy unless it is established that the State intended to "goad" the defendant into moving for a mistrial in order for the State to avoid a reversal due to prosecutorial or judicial error, or otherwise to obtain a more favorable chance of a guilty verdict on retrial.[4] As stated recently by the United States Court of Appeals for the Seventh Circuit:

> If after a criminal trial begins the government decides that the case is going badly for it, it cannot dismiss the case and reprosecute the defendant. Nor is it permitted to achieve by indirection what it is not permitted to do directly; and thus

---

[1] 265 Ga. 757, 760 (462 SE2d 596) (1995) (evidence of prior criminal conduct that is dissimilar to the crime for which an accused is being prosecuted is not subject to Uniform Superior Court Rule 31.1's disclosure requirements, but nonetheless must be admitted for a proper purpose).

[2] *See Burks v. United States*, 437 U. S. 1 (98 SC 2141, 57 LE2d 1) (1978); *Hall v. State*, 244 Ga. 86, 94 (259 SE2d 41) (1979).

[3] *Hall*, supra; OCGA § 16-1-8 (d) (2).

[4] *Oregon v. Kennedy*, 456 U. S. 667, 675-676 (102 SC 2083, 72 LE2d 416) (1982); *Williams v. State*, 258 Ga. 305, 311 (369 SE2d 232) (1988); *Fugitt v. State*, 253 Ga. 311, 315-316 (319 SE2d 829) (1984).

it cannot engage in trial misconduct that is intended to and does precipitate a successful motion for mistrial by the defendant. [Cit.] The requirement of intent is critical, and easily misunderstood. The fact that the government blunders at trial and the blunder precipitates a successful motion for a mistrial does not bar a retrial. [Cits.] Yet the blunder will almost always be intentional — the product of a deliberate action, not of a mere slip of the tongue. . . . [U]nless [the prosecutor] is [intentionally] trying to abort the trial, his misconduct will not bar a retrial. It doesn't even matter that he knows he is acting improperly, provided that his aim is to get a conviction. The only relevant intent is [the] intent to terminate the trial, not [the] intent to prevail at . . . trial by impermissible means.[5]

In this case, Williams argues that, despite knowing that the evidence concerning the alleged theft ring was both irrelevant and inflammatory, the State introduced the evidence at trial and referred to it repeatedly. In light of the State's failure to connect the prejudicial evidence of a theft ring to a motive for the killing, Williams argues that the only conclusion to be drawn is that the State intended to provoke a mistrial motion so that it could prevent an acquittal.

We disagree. Contrary to Williams' speculative argument, there was a reasoned basis for the State to seek introduction of the evidence, as it could have rebutted Williams' accident defense. Moreover, at the time the State introduced evidence of the theft ring, it is highly unlikely that it believed an acquittal was imminent, as Williams had yet to present any evidence in his defense. Williams also argues that the State's desire to provoke a mistrial is shown by the fact that it did not give notice under Uniform Superior Court Rule 31.1 of its intention to introduce the theft ring evidence before trial at the similar transactions hearing, but rather held the evidence in reserve in order to scuttle the prosecution at a later time. However, the record shows that both counsel discussed the theft ring evidence with the trial court at a pre-trial hearing, and thus Williams did have notice before trial of the State's intention to use the evidence.[6]

Our review of the record reveals no indication that, by introducing the evidence, the State intended to provoke a request for a mistrial. Of course, it may be that the State's decision to introduce the evidence of a theft ring was imprudent, or even "a blunder."[7] How-

---

[5] *United States v. Oseni*, 996 F2d 186, 187-188 (7th Cir. 1993).

[6] See also n. 1, supra, and accompanying text.

[7] *Oseni*, supra.

ever, without evidence that by introducing the evidence, the State intended to abort its prosecution of Williams in order to avoid an acquittal or to obtain a more favorable chance of conviction on retrial, the protections of the Double Jeopardy Clause are not invoked. Thus, the trial court was authorized to conclude that retrial is not barred.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 14, 1997.

*Martin C. Puetz, George D. Bush,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Patricia G. Johnson, Assistant District Attorneys, Thurbert E. Baker, Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.