A97A1442. THE STATE v. D'AURIA.
(492 SE2d 918)

POPE, Presiding Judge.

The State appeals the trial court's grant of defendant Ralph D'Auria's plea in bar based on double jeopardy. The trial court found that the prosecutor at defendant's first trial engaged in intentional misconduct, and this finding is supported by the record. But there is simply no evidence that the prosecutor acted with a specific intent to avoid an acquittal which was likely to occur in the absence of his misconduct. Accordingly, defendant's retrial is not prohibited, and we reverse the grant of defendant's plea in bar.

Defendant, a doctor, was convicted of sexual battery on a patient. In addition to the victim's testimony about how defendant had improperly touched her, the State presented testimony from two similar transaction witnesses. Defendant sought to question one of the similar transaction witnesses, Janet Tolison, regarding her prescription drug abuse, and to introduce evidence that she had altered the number of pills and refills on a prescription defendant had given her. The State argued that such impeachment would be improper because Tolison had no criminal convictions for drug abuse or prescription forgery, and it produced a copy of her criminal record. The court accepted the State's argument and the impeachment evidence

was disallowed.

In fact, however, Tolison had been arrested for forging a prescription three nights before the trial started. The State was aware of Tolison's arrest and the nature of the pending charges. But the State chose not to disclose this information to the defendant, and further chose not to disclose it to the judge, even when the subject arose during the course of the trial. When the trial court learned how the State had misled it, it granted defendant's motion for a new trial and later granted his double jeopardy plea in bar based on the prosecutor's misconduct.

The State appealed the grant of defendant's plea in bar, and we remanded, instructing the lower court that even intentional prosecutorial misconduct does not generally preclude retrial, and directing the court to determine whether the prosecutor had intended to subvert the protections afforded by the double jeopardy clause. See *State v. D'Auria*, 222 Ga. App. 615, 616-617 (475 SE2d 678) (1996). On remand, the trial court again granted defendant's plea in bar, but this time explicitly determined that the prosecution "intended to unfairly secure a guilty verdict or, in the alternative, cause a retrial," and thereby "clearly subverted defendant's double jeopardy protection."

As a general rule, a post-conviction reversal or grant of a motion for new trial which is not based on insufficiency of the evidence does not preclude retrial. See *Burks v. United States*, 437 U. S. 1, 14-17 (98 SC 2141, 57 LE2d 1) (1978). There is an exception to this general rule, however: The defendant cannot be retried if the retrial is necessitated by prosecutorial misconduct which was "intended to subvert the protections afforded by the Double Jeopardy Clause." *Williams v. State*, 258 Ga. 305, 312 (369 SE2d 232) (1988). See also *Oregon v. Kennedy*, 456 U. S. 667 (102 SC 2083, 72 LE2d 416) (1982).

Some defendants have argued that the double jeopardy bar should be expanded to become a type of exclusionary rule, to exclude retrial whenever the prosecutor's intentional misconduct is so egregious and prejudicial that it denies the defendant a fair trial.[1] The Supreme Court of Georgia recently rejected this argument in *Dinning v. State*, 267 Ga. 879 (485 SE2d 464) (1997), however. In *Dinning* at p. 881, the Court reaffirmed the standard set forth in *Williams* and held that if the record did not show the prosecutor's conduct "was for the purpose of aborting the trial and securing an opportunity to retry the case," the defendant could be retried.

Thus, under *Williams* and *Dinning*, prosecutorial misconduct

---

[1] This argument has been accepted by the Pennsylvania Supreme Court, based on the Double Jeopardy Clause of the Pennsylvania Constitution. See *Pennsylvania v. Smith*, 615 A2d 321 (Pa. 1992).

will support a plea in bar based on double jeopardy only if the prosecutor intended to subvert the defendant's double jeopardy rights by aborting the trial and securing an opportunity to retry the case. In the context of a granted motion for mistrial, this means the prosecutor intended to goad or provoke the defendant into moving for a mistrial. See *Oregon v. Kennedy*, 456 U. S. at 679. And in the context of a reversal or grant of a motion for new trial, this means the prosecutor intended "to prevent an acquittal that the prosecutor believed at the time was likely to occur in the absence of his misconduct." *United States v. Wallach*, 979 F2d 912, 916 (2nd Cir. 1992); accord *United States v. Gary*, 74 F3d 304, 315 (1st Cir. 1996); *United States v. Pavloyianis*, 996 F2d 1467, 1473-1474 (2nd Cir. 1993); *Connecticut v. Colton*, 663 A2d 339, 346-348 (Conn. 1995).

In this case, the trial court's determination that the prosecutor intended to subvert defendant's double jeopardy rights was not based on a finding that the prosecutor intended to avoid an acquittal which seemed likely at the time; and such a finding would not have been supported by the record. Tolison was only one of two similar transaction witnesses, and there was no indication that the prosecutor anticipated an acquittal, either prior to or during the trial. To show the prosecutor's intent, defendant can only point to the prosecutor's statement that similar transaction witnesses are important to show state of mind in cases of this nature. This general statement, made at the pre-trial similar transaction hearing before Tolison had been arrested, is not evidence of an intent to avoid a likely acquittal at the time of the misconduct.

As the record cannot support a finding that the prosecutor engaged in misconduct with the intent to prevent an acquittal which was likely to occur in the absence of his misconduct, the trial court erred in granting defendant's plea in bar.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 27, 1997 — 

*Ralph T. Bowden, Jr., Solicitor, Debra M. Sullivan, W. Cliff Howard, Assistant Solicitors*, for appellant.

*Glass, McCullough, Sherrill & Harrold, Robert E. Wilson, Bryan A. Downs*, for appellee.