A98A0088. WILSON v. THE STATE.
(503 SE2d 924)

BLACKBURN, Judge.

Johnny W. Wilson was charged with the failure to stop at the scene of an accident pursuant to OCGA § 40-6-270. After a mistrial was declared in the proceedings below, Wilson filed this appeal. For the reasons set forth below, we reverse.

1. Wilson contends that the trial court erred by denying his motion for directed verdict of acquittal at the close of the State's case against him. "The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citations, punctuation and emphasis omitted.) *Noble v. State*, 225 Ga. App. 470 (484 SE2d 78) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "A directed verdict of acquittal should be granted only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. OCGA § 17-9-1. In reviewing the denial of a motion for a directed verdict made at the close of the State's case, an appellate court considers not only the evidence produced in the State's case-in-chief, but also any evidence introduced subsequent to the motion by the defense." (Punctuation omitted.) *Tyler v. State*, 198 Ga. App. 685, 687-688 (2) (402 SE2d 780) (1991).

Based on the evidence in this case, the trial court properly denied Wilson's motion for a directed verdict. The record shows that, on the night of February 14, 1995, the Honda being driven by Kimberly Mendez was struck head on by a car which crossed over the centerline of the road. Mrs. Mendez' husband, Robert Mendez, was riding in the passenger's seat. Mrs. Mendez described the car which hit her as a light blue LTD or Crown Victoria. Mr. Mendez described the car as a light blue, late 1980s model Ford which was either a Crown Victoria or LTD.

After the collision, the Mendezes pulled into a driveway, and the car which struck them pulled into an adjacent driveway. After his car came to a stop, Mr. Mendez jumped out to get a better look at the other car. While standing six or seven feet away, Mr. Mendez watched the car which struck his car being reversed out of the driveway in which it had been driven. Mr. Mendez stated that he got a good look at the driver of the car whom he later identified as Wilson. Although he was standing toward the rear of the car, Mr. Mendez testified that he nonetheless got a good look at Wilson's face because he had turned his face to the rear of the car to see where he was backing up.

Mr. Mendez also read the tag number of the car, and, although he had no way to write it down, he remembered that "it was something to the effect of BTJ 136 or 186," which he told the police officer at the scene of the accident. Wilson, an employee of the family-owned business of Wilson Welding Service, Inc., is the registered owner of a light blue 1987 Ford Crown Victoria with the tag number BJT 186.

Although Wilson argues that he could not have been the hit-and-run driver because there was no damage to his car, his own expert testified that it was possible that a Ford Crown Victoria could be involved in an accident with a Honda without being damaged. Furthermore, Officer Britman of the City of Atlanta Police Department testified that he inspected Wilson's car and that he believed the car had been damaged and repaired. Under the standard of *Jackson v. Virginia,* supra, any rational trier of fact could have found Wilson guilty of the crime of hit and run beyond a reasonable doubt. Accordingly, Wilson's motion for a directed verdict of acquittal was properly denied.

2. Wilson also contends that the trial court erred by denying his motion for directed verdict of acquittal notwithstanding the mistrial. However, "[n]o statutory provision for judgment n.o.v. exists in the statutory criminal law of Georgia[,] and the Supreme Court, in *Wilson v. State,* 215 Ga. 775 (1) (113 SE2d 607) (1960), declined to create such a remedy judicially. In *State v. Bilal,* 192 Ga. App. 185 (384 SE2d 253) (1989), this court noted that the legislature's creation, in 1971, of a right to move for directed verdict during trial, codified at OCGA § 17-9-1, 'did not affect the holding in *Wilson,* supra, for the legislature did not create a right to judgment notwithstanding the verdict in a criminal case.' *Bilal,* 192 Ga. App. at 186. OCGA § 17-9-1 permits a defendant to seek a directed verdict of acquittal only during trial. By contrast, the Federal Rules of Criminal Procedure permit a defendant to seek such relief not only after the return of a verdict of guilty (F.R.Cr.P. 29 (b)) but also after mistrial (F.R.Cr.P. 29 (c)). If the Georgia legislature wishes to create the right to seek post-conviction or post-mistrial judgment of acquittal it may, following the lead of federal statutory law, do so. At this time, however, the law of Georgia provides for neither a motion for judgment of acquittal notwithstanding the verdict nor a motion for judgment of acquittal notwithstanding mistrial." *Rhyne v. State,* 209 Ga. App. 548, 550-551 (1) (434 SE2d 76) (1993). As such, this enumeration of error must be rejected.

3. In his third enumeration of error, Wilson contends that the trial court erred in denying his plea of double jeopardy, since the mistrial was the direct result of intentional prosecutorial misconduct designed to bring about a mistrial. We must agree.

"As a general rule, a post-conviction reversal or grant of a motion for new trial which is not based on insufficiency of the evidence does not preclude retrial. See *Burks v. United States,* 437 U. S. 1, 14-17 (98 SC 2141, 57 LE2d 1) (1978). There is an exception to this general rule, however: The defendant cannot be retried if the retrial is necessitated by prosecutorial misconduct which was 'intended to subvert the protections afforded by the Double Jeopardy Clause.' *Williams v. State,* 258 Ga. 305, 312 (369 SE2d 232) (1988). See also *Oregon v.*

*Kennedy*, 456 U. S. 667 (102 SC 2083, 72 LE2d 416) (1982)." *State v. D'Auria*, 229 Ga. App. 34, 35 (492 SE2d 918) (1997). Furthermore, "[i]n the context of a granted motion for mistrial, this means the prosecutor intended to goad or provoke the defendant into moving for a mistrial." Id. at 36. If the record does not show that the prosecutor's conduct was for these improper purposes, the defendant may be retried. *Dinning v. State*, 267 Ga. 879, 881 (485 SE2d 464) (1997).

In this case, the prosecutor improperly asked Wilson during cross-examination: "Mr. Wilson, did you try to negotiate a nolo contendere plea in this charge?" As a result, the trial judge granted Wilson's immediate motion for a mistrial. We find it impossible to believe that an error which is so blatant and so contrary to the most basic rules of prosecutorial procedure and conduct could have been simply a negligent act. To allow this prosecutor's action to be categorized as a mistake would require this Court to assume that this prosecutor was totally lacking the foundational knowledge for prosecutorial conduct in a courtroom. Based on the prosecutor's conduct in this matter, including the attempt to preclude the evidence introduced at trial from becoming a part of the record for our review, and necessitating an order from this Court to get such evidence, we can only attribute the question to an attempt to bring about a mistrial. State prosecutors are generally knowledgeable and well trained — too knowledgeable and well trained not to know the consequences of a question such as that asked by the prosecutor in this case. Accordingly, we find that, under the facts in this case, the prosecutor must have intended that her inappropriate question would result in a mistrial and, concomitantly, the mistrial was intended by her. Therefore, we reverse, and we find that the trial court erred in denying defendant's plea in bar of double jeopardy.

*Judgment reversed. Eldridge, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED JULY 9, 1998.

*Robert P. Wilson,* for appellant.
*June D. Green, Solicitor, Wanda L. Dallas, Assistant Solicitor,* for appellee.