A01A1118. STEWARD v. THE STATE.
(555 SE2d 33)

POPE, Presiding Judge.

During Michael Steward's trial on counts of rape, incest and two counts of aggravated sodomy, the court declared a mistrial when the state's expert witness introduced evidence that violated the ultimate issue rule. Steward then filed a plea in bar to prevent retrial on the

---

[7] 251 Ga. 131 (303 SE2d 445) (1983).
[8] 159 Ga. 230 (125 SE 452) (1924).
[9] 3 Ga. App. 557 (60 SE 299) (1908).

grounds that another trial would constitute double jeopardy because the mistrial was caused by intentional prosecutorial misconduct. The trial court denied the motion, and Steward appeals.

> Generally, where a mistrial is granted on the defendant's motion, double jeopardy does not bar a retrial unless it is established that the State intended to "goad" the defendant into moving for a mistrial to avoid a reversal or to obtain a more favorable chance of a guilty verdict on retrial. *Williams v. State*, 268 Ga. 488, 489 (491 SE2d 377) (1997); *Mobley v. State*, 262 Ga. 808 (2) (426 SE2d 150) (1993).

*Weems v. State*, 269 Ga. 577, 580 (4) (501 SE2d 806) (1998). If the record does not show that the prosecutor's conduct was for these improper purposes, the defendant may be retried. *Dinning v. State*, 267 Ga. 879, 880-881 (485 SE2d 464) (1997). The intent of the prosecutor is a fact question for the trial court to resolve. *Haralson v. State*, 227 Ga. App. 118 (488 SE2d 497) (1997). Even though the trial court may have been authorized to reach the opposite result, we will affirm if there is evidence to support the trial court's finding. *Spradley v. State*, 242 Ga. App. 340, 342-343 (529 SE2d 647) (2000).

Here, we find no evidence in the record to show that the prosecutor was motivated by improper purposes. Although the record shows that the prosecutor did an inadequate job of instructing the state's witnesses about what they could and could not say, and that several witnesses in nonresponsive answers made improper remarks that may have resulted from this lack of preparation, Steward has not pointed to any evidence of improper motive. For instance, Steward has not shown that the state stood to gain by retrying the case or that "the prosecutor's actions were intended to subvert the protections afforded by the Double Jeopardy Clause." (Citations omitted.) *Dinning*, 267 Ga. at 881. The court immediately set the trial for retrial the following Monday, and there is no evidence that the state would have benefitted from this short delay. The state may have grossly mishandled its witnesses, but "[t]he fact that the government blunders at trial and the blunder precipitates a successful motion for a mistrial does not bar a retrial." (Punctuation omitted.) *Williams*, 268 Ga. at 490.

Steward argues that the prosecutor completely and repeatedly failed in her duty to instruct the state's witnesses what they could and could not say. He claims that this patent disregard for basic trial procedure rises to the level of blatant error and that it could not have been simply a negligent act. See *Wilson v. State*, 233 Ga. App. 327, 329-330 (3) (503 SE2d 924) (1998) (physical precedent only). But, in *Wilson*, the prosecutor asked an improper question, whereas in this

case, the improper information came in the form of nonresponsive answers. Also, in *Wilson*, the prosecutor attempted to keep certain trial evidence out of the record on appeal, further showing improper motive. In this case, although the court admonished the prosecutor for failing to adequately instruct her witnesses, there was no evidence that she intended for the witnesses to give improper testimony thereby necessitating a mistrial.

In *Haralson*, the trial court made a finding that the prosecutor did not deliberately engage in any misconduct with the intent of securing a mistrial, and because there was evidence to support that finding, we affirmed. *Haralson*, 227 Ga. App. at 120-121. The same holds true here.

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 27, 2001.

*Sean M. Maher, Tamara J. Wayland*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.