## S02A0264. THE STATE v. THOMAS.
### (562 SE2d 501)

THOMPSON, Justice.

Defendant Michelle Thomas filed a plea of former jeopardy in this case following the grant of a motion for mistrial. The trial court granted Thomas' plea and the State appeals. We affirm.

Thomas was charged with murder, felony murder, and aggravated assault. The State presented its case in chief and rested. The next day Thomas began to present her case. She did not deny that she had caused the victim's death; however, she asserted a defense of battered women's syndrome, relying on the testimony of an expert witness.

During the State's cross-examination of the expert, the prosecutor asked, "Isn't it true that [Thomas] told you something regarding her child, that she abused her child?" Thomas objected to this question and moved for a mistrial. The trial court conducted an inquiry in which the prosecutor was given an opportunity to explain why he asked the question. After the prosecutor offered various explanations, the trial court granted a mistrial. Thereafter, finding that the prosecutor intended to goad Thomas into moving for a mistrial, the trial court granted Thomas' plea of former jeopardy.

The State concedes that the question asked of the expert witness concerning whether Thomas abused her child was "poorly phrased," and that the trial court correctly granted a mistrial in this case. It argues, however, that it should be able to retry Thomas because the prosecutor did not intentionally try to abort the trial. See *Williams v. State*, 268 Ga. 488 (491 SE2d 377) (1997). We disagree.

Whether the prosecutor intended to goad the defendant into moving for mistrial called for the trial court to "make a finding of fact [by] [i]nferring the existence or nonexistence of intent from objective facts and circumstances." *Oregon v. Kennedy*, 456 U. S. 667, 675 (102 SC 2083, 72 LE2d 416) (1982). In this case, the trial court's finding that the prosecutor intentionally provoked a mistrial is supported by these objective facts: the prosecutor, who was a member of the bar for nine years and tried numerous felony cases,[1] gave inconsistent, unconvincing explanations as to why he posed the question to the

---

[1] See *Wilson v. State*, 233 Ga. App. 327, 330 (503 SE2d 924) (1998).

expert, the prosecutor did not seek curative instructions, or assert that the trial should continue; and the prosecutor stood to gain by aborting the trial because the expert's testimony was favorable to Thomas.

When the trial court sits as the factfinder, its resolution of factual issues will be upheld by the appellate court unless it is clearly erroneous. *Walton v. State*, 267 Ga. 713, 715, 716 (482 SE2d 330) (1997); *Spradley v. State*, 242 Ga. App. 340, 343 (529 SE2d 647) (2000). A trial court's findings of fact will not be deemed to be clearly erroneous if there is any evidence to support them, and this holds true even if the findings are based upon circumstantial evidence and the reasonable inferences which flow from them. *Jones v. State*, 249 Ga. App. 64 (3) (547 SE2d 725) (2001).

In this case, the trial court's findings were authorized by the evidence in the record and are not clearly erroneous. We must conclude, therefore, that the trial court properly granted Thomas' plea in bar on the grounds of double jeopardy.

The mere fact that the trial court said that, based on its personal knowledge of the prosecutor, it did not believe the prosecutor intended to cause a mistrial, is of no consequence. In making a decision involving more than one fact, a trial court can acknowledge that there are factors weighing against its decision; but such an acknowledgment cannot be said to undermine the court's decision. That is what the trial court did in this case. It acknowledged that the prosecutor is a person of integrity; nevertheless, based on the objective facts and circumstances, it found that the prosecutor intended to provoke a mistrial.

*Judgment affirmed. All the Justices concur, except Hunstein and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

In sustaining the plea of former jeopardy, the trial court erroneously placed the burden of proof upon the State, rather than correctly requiring that Ms. Thomas, as the movant, prove that a retrial would be unconstitutional. When properly construed, the evidence demands a finding that she did not carry the burden of proof in that regard. The majority nevertheless affirms the erroneous grant of the motion, by deferring to findings of the trial court which are not supported by the evidence and which are not even relevant to a former jeopardy determination.

> Where, as here, a mistrial is granted at the request of a criminal defendant, retrial is not prohibited on the basis of double jeopardy unless it is established that the State intended to "goad" the defendant into moving for a mistrial

in order for the State to avoid a reversal due to prosecutorial or judicial error, or otherwise to obtain a more favorable chance of a guilty verdict on retrial.

*Williams v. State*, 268 Ga. 488, 489 (491 SE2d 377) (1997). See also *Oregon v. Kennedy*, 456 U. S. 667, 676 (II) (102 SC 2083, 72 LE2d 416) (1982); *Beck v. State*, 261 Ga. 826 (412 SE2d 530) (1992). Under Georgia law, it is well-settled that the defendant bears the burden of proof on a plea in bar, even if she is thereby required to make an affirmative showing of the actual knowledge of the prosecutor. *Turner v. State*, 238 Ga. App. 438, 439 (518 SE2d 923) (1999); *Blackwell v. State*, 232 Ga. App. 884, 885 (502 SE2d 774) (1998). Thus, the defendant had the burden of "establish[ing] that the State intended to 'goad' [her] into moving for a mistrial. . . ." *Williams v. State*, supra at 489. This placement of the burden of proof on the defendant is consistent with the procedure of federal courts, as well as other states which have applied the rule of *Oregon v. Kennedy*, supra. *United States v. Borromeo*, 954 F2d 245, 247 (II) (4th Cir. 1992); *Robinson v. Commonwealth*, 439 SE2d 622, 624, fn. 2 (Va. App. 1994); *State v. Fleer*, 851 SW2d 582, 598 (Mo. App. 1993); *Commonwealth v. Andrews*, 530 NE2d 1222, 1226 (1) (Mass. 1988).

In this case, the trial court did not base its ruling on any affirmative evidence showing that Ms. Thomas was impermissibly goaded into moving for a mistrial. Instead, the trial court relied entirely upon its conclusion that the evidence did not clearly negate the assistant district attorney's intent to cause a mistrial. The trial court summarized its findings as follows: "The State's question in the present case was clearly improper, it had no legitimate purpose, no legal basis and was not precipitated by any action on the part of the Defendant." Although these findings may arguably justify the grant of the motion for mistrial, they do not, without more, preclude a subsequent retrial. Under the controlling double jeopardy standard of *Oregon v. Kennedy*, supra, bad faith conduct, harassment and overreaching on the part of the prosecutor do not themselves prevent retrial, although they may have warranted the grant of a mistrial. *Reed v. State*, 222 Ga. App. 376, 378 (1) (474 SE2d 264) (1996). Thus, the trial court's findings as to the underlying validity of the decision to grant a mistrial are irrelevant to a proper retrial inquiry. Indeed, retrial should not be barred even if the mistrial resulted from prosecutorial conduct which is malicious and deliberate. *Dinning v. State*, 267 Ga. 879, 880-881 (485 SE2d 464) (1997); *State v. D'Auria*, 229 Ga. App. 34, 35 (492 SE2d 918) (1997). Therefore, the trial court clearly erred, if for no other reason than, once Ms. Thomas showed that she successfully moved for mistrial, it impermissibly shifted the burden of proof to the State to show that double jeopardy did not bar a

retrial. At a minimum, this error would require reversal and a remand for entry of a new order based upon the proper placement of the burden of proof on appellant to show that she was impermissibly goaded into terminating the trial by moving for the mistrial.

However, such a remand would be authorized only if there was some evidence which might support such a finding. In that regard, "[w]hat is critical is the objective of the prosecutor's improper conduct. Unless a prosecutor is trying to abort the trial, his or her misconduct will not prohibit a retrial. [Cits.]" *Dinning v. State*, supra at 881. " 'It doesn't even matter that he knows he is acting improperly, provided that his aim is to get a conviction. The only relevant intent is (the) intent to terminate the trial, not (the) intent to prevail at . . . trial by impermissible means.' [Cit.]" *Williams v. State*, supra at 490.

In applying the standard of *Oregon v. Kennedy*, supra, other jurisdictions rely on Justice Powell's concurrence to identify those factors which are relevant to a determination of prosecutorial intent to provoke a mistrial. Those factors include the following: first, whether there was a sequence of overreaching or error prior to the single prejudicial incident; second, whether the prosecutor resisted or was surprised by the motion for mistrial; third, whether the prosecutor testified, and the trial court found, that there was no intent to cause a mistrial; and, fourth, whether the timing of the error was such that the success or failure of the prosecution could reasonably have been assessed. *Oregon v. Kennedy*, supra at 680 (Powell, J., concurring); *United States v. Neufeld*, 949 FSupp. 555, 559 (II) (S.D. Ohio 1996); *State v. Torres*, 744 A2d 699, 705 (II) (N.J. Super. App. Div. 2000); *State v. Girts*, 700 NE2d 395, 403 (I) (Ohio App. 1997).

As for the first factor, Ms. Thomas and the trial court both rely exclusively upon the prosecutor's asking of a single question as the ground for barring retrial. "Yet, there are few vigorously contested lawsuits – whether criminal or civil – in which improper questions are not asked." *Oregon v. Kennedy*, supra at 680 (Powell, J., concurring). Contrary to what the trial court believed, the particular question concerning child abuse which prompted the mistrial in this case does not appear to be wholly without any reasonable legal basis. Indeed, this Court has held that it is reasonable for defense counsel not to proffer evidence of the battered woman syndrome out of strategic concern that the State might then be allowed to present evidence of prior violent acts by the defendant not directed against the victim. *Lewis v. State*, 265 Ga. 451, 452 (3) (457 SE2d 173) (1995). Depending on the circumstances, a previous assault against a child may be relevant to a later charge of assault against an adult. See *Dumas v. State*, 239 Ga. App. 210, 215 (3) (521 SE2d 108) (1999). Because the defense expert testified that dissociative flashbacks to previous episodes of abuse may trigger a violent reaction in someone suffering

from battered person syndrome, it was not completely unreasonable for the assistant district attorney to argue, as he did at trial, that Ms. Thomas' abuse of her child was relevant to demonstrate that something other than mistreatment by the victim could trigger her violent acts. In any event, the nature of the single allegedly improper question has no constitutional significance. The relevant consideration is the complete absence in the record of any prior prosecutorial misconduct or overreaching during the trial. Because the mistrial was based upon a single, isolated incident, the first factor weighs heavily against the defendant.

The assistant district attorney clearly resisted the grant of mistrial and, therefore, the second factor also weighs strongly in favor of the State. He opposed the motion for mistrial by vigorously arguing against it. See *State v. Torres*, supra at 705 (II); *State v. Girts*, supra at 404 (I). The very fact that he offered alternative arguments, even if they were unclear or unconvincing, demonstrates his intent to oppose the motion fully. Indeed, he asked to be allowed to make an argument and insisted that he was not trying to cause a mistrial. The majority apparently believes that counsel for the State was required specifically to "seek curative instructions, or assert that the trial should continue. . . ." However, it cites no authority for the proposition that the prosecutor must resist the motion for mistrial in any particular way or to utter certain magic words, nor does it explain why such measures would more clearly show the assistant district attorney's intention to avoid a mistrial. The evidence demands a finding that the prosecutor did not use the child abuse question as a subterfuge to precipitate the motion for mistrial.

As for the third factor, the trial court's grant of the plea in bar, as noted above, was based entirely on its questionable finding that the child abuse inquiry did not have any legitimate legal basis. Even assuming that this finding was correct, any bad faith on the prosecutor's part in asking that question "is not the same as establishing the state's motive to cause a mistrial." *State v. Girts*, supra at 404 (I). "Intent to ask the fatal question should not be confused with intent to violate the defendant's constitutional [double jeopardy] rights." *State v. Oliver*, 188 Ga. App. 47, 51 (3) (372 SE2d 256) (1988). Retrial is not inevitably barred whenever a mistrial is granted based on the prosecutor's clearly inexcusable attempt to introduce testimony regarding the defendant's prior misconduct. *Pruitt v. State*, 829 P2d 1197, 1200-1201 (Alas. 1992). "Other states have similarly held that serious prosecutorial misconduct, while justifying a mistrial or reversal of a conviction, does not necessarily satisfy the standard set forth in *Kennedy*. [Cits.]" *Robinson v. Commonwealth*, supra at 625. See also *Williams v. State*, 258 Ga. 305, 312 (1) (A) (369 SE2d 232) (1988) (not even the prosecutor's knowing use of perjured testimony, perhaps the

most heinous form of prosecutorial misconduct, bars retrial). Thus, deferring to the trial court's immaterial findings with respect to the absence of a legal basis for the child abuse question does not resolve the relevant issue of the prosecutor's intent. The only probative evidence of that intention is the testimony of the assistant district attorney that, because he thought he had an extremely strong case, the last thing he wanted was a mistrial and he was highly disappointed by the grant of the defendant's motion. See *State v. Torres*, supra at 705 (II). Accordingly, the third factor, like the first two, weighs heavily in favor of the State.

The fourth factor is of similar import and weight. The mistrial occurred during the defense's presentation of the testimony of an expert witness, and the majority relies on the fact that the testimony was favorable to the defendant. Presumably, however, the defense always selects its witnesses precisely because their testimony will be favorable to the defendant. The course of the entire trial must be examined in evaluating the fourth factor. Yet the only testimony which has been transcribed is that of the defendant's expert witness. In the absence of a complete transcript of the trial, the ultimate success or failure of the prosecution cannot fully be assessed. The only evidence in this regard presented at the hearing on the plea in bar was the prosecutor's testimony that he had called four eyewitnesses and was very confident that the State's case was extremely strong. Thus, there is nothing to show that the assistant district attorney was unhappy with the progress of the trial or that the allegedly improper question resulted from anything other than his aggressive prosecution of this case. See *State v. Girts*, supra at 404 (I). There is "no indication that the prosecutor anticipated an acquittal, either prior to or during the trial." *State v. D'Auria*, supra at 36. "The prosecutor in this case had called all his witnesses and there is no reason to believe the evidence was anything less than the state had expected it to be." *State v. Oliver*, supra at 52 (3).

Thus, under the undisputed evidence, all four pertinent factors weigh strongly in favor of the State. I believe that the evidence demands a finding that the assistant district attorney did not intend to provoke a mistrial and, therefore, that the plea in bar should have been denied. "The requirement of showing that the prosecutor intended to provoke a mistrial presents a high hurdle. Since *Kennedy*, federal courts have consistently refused [to] infer such prosecutorial intent. [Cits.]" *United States v. Neufeld*, supra at 559 (II). The only Georgia opinion upon which the trial court relied is a physical precedent from the Court of Appeals. *Wilson v. State*, 233 Ga. App. 327, 329 (3) (503 SE2d 924) (1998). The holding in that case is clearly distinguishable, because it was based on conduct of the prosecutor which indisputably showed improper motive, including an attempt to

keep the evidence introduced at trial out of the record on review, necessitating an order from the Court of Appeals to obtain such evidence. *Steward v. State*, 251 Ga. App. 657, 659 (555 SE2d 33) (2001); *Wilson v. State*, supra at 330 (3). We should not condone or encourage prosecutorial misconduct. However, a mistrial is the appropriate remedy for curing prejudice against a defendant created by a prosecutor's error, as well as the proper sanction to discourage misconduct by the prosecuting attorney. *State v. Oliver*, supra at 52 (3).

> The bar of double jeopardy is such an extreme sanction against the interest of the state in prosecuting one who has been indicted for a crime that it should be applied strictly and only when the circumstances clearly show the prosecutor intended "to subvert the protections afforded by the Double Jeopardy Clause." *Oregon v. Kennedy*, supra at 676.

*State v. Oliver*, supra at 52 (3). Before today's decision, the general rule permitted retrial after a mistrial, subject to a "narrow exception" for that rare case in which the State provoked the defendant into making the motion. *Sanders v. State*, 197 Ga. App. 867 (1) (399 SE2d 734) (1990). Now, retrial may become the exception to a new rule whereby a mistrial generally mandates the subsequent grant of a plea in bar. Because controlling precedent requires the reversal of the trial court's ruling in favor of Ms. Thomas, I dissent.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED APRIL 15, 2002 —
RECONSIDERATION DENIED MAY 9, 2002.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Alvera A. Wheeler, Amira AbuBakr Arshad, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellant.
*Steven E. Phillips*, for appellee.