## A03A0202. BEACH v. THE STATE.
(579 SE2d 808)

ANDREWS, Presiding Judge.

During his trial on charges of child molestation and statutory rape, Akeam Beach moved for a mistrial on the basis that the State failed during pre-trial discovery to provide him with a written statement made by the victim to police. The trial court granted the motion for mistrial, and Beach subsequently filed a plea in former jeopardy claiming the State was barred under the double jeopardy provisions of the Georgia and United States Constitutions from trying him again on the same charges. The trial court denied the plea, and Beach appeals. We find no error and affirm.

> Where, as here, a mistrial is granted at the request of a criminal defendant, retrial is not prohibited on the basis of double jeopardy unless it is established that the State intended to "goad" the defendant into moving for a mistrial in order for the State to avoid a reversal due to prosecutorial or judicial error, or otherwise to obtain a more favorable chance of a guilty verdict on retrial.

*Williams v. State*, 268 Ga. 488, 489 (491 SE2d 377) (1997).[1] The burden was on Beach to show that he was impermissibly goaded by the State into moving for a mistrial. Id. at 489. Moreover, as the factfinder on this issue, the trial court's conclusion drawn from the objective facts and circumstances that the State did not intend to goad Beach into moving for a mistrial will be upheld on appeal unless it is clearly erroneous. *State v. Thomas*, 275 Ga. 167-168 (562 SE2d 501) (2002).

The facts in this case show that, during defense cross-examination of the investigating officer, the officer testified that he took two written statements from the victim. A bench conference ensued during which defense counsel informed the trial court that the State had provided the defense with only one of the written statements during pre-trial discovery and that the defense had not seen the second statement. Defense counsel and the prosecutor concurred in the trial court's conclusion that the State erroneously failed to serve the defense with one of the statements. The prosecutor apologized to the court for failing to provide both statements to the defense and stated that the statement was inadvertently omitted from discovery information provided to the defense from the voluminous file. The prosecutor suggested that a continuance to allow the defense to review the omitted statement might be feasible instead of a mistrial. Based on defense counsel's representations that a continuance would not be sufficient to cure the error, the trial court granted Beach's motion for a mistrial. The trial court further concluded that there was no evidence that the State acted in bad faith in failing to provide the statement.

Based on this record, we find no clear error in the trial court's conclusion that the State did not intend to goad Beach into moving for a mistrial. Accordingly, we affirm the trial court's denial of Beach's plea of former jeopardy.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

---

[1] This is the applicable standard under federal and state law. *Reed v. State*, 222 Ga. App. 376, 378 (474 SE2d 264) (1996).

DECIDED MARCH 19, 2003.

*Allyson R. Pitts*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, *Elizabeth A. Baker, Lee A. Young*, Assistant District Attorneys, for appellee.