## A98A1390. SPEARS v. THE STATE.
### (506 SE2d 446)

SMITH, Judge.

David A. Spears brings this appeal from the trial court's denial of his plea in bar on double jeopardy grounds.

Spears was charged by accusation in Toombs County with driving under the influence and disorderly conduct. After a hearing on Spears's competence to stand trial, a jury was impaneled and sworn. During presentation of the State's case, appellant's counsel notified the solicitor that his law partner had called the State Bar of Georgia on another matter and discovered that the solicitor was not in good standing for failure to pay dues. The solicitor stated in his place that he recalled sending a check to the State Bar for his dues, that the dues arrears notices had not yet been sent out by the Bar, and that this was his first notice of any problem. General counsel for the Bar was contacted by telephone and suggested that the solicitor post a bond in the amount of the dues with the clerk of superior court. The trial court also spoke with the Bar and noted that "[t]hey told me essentially the same thing" and acknowledged that an error could have been made in posting the payment. The trial court initially decided to recess the case from Friday until Monday morning, pending the solicitor's presentation of evidence that he had paid his Bar dues, and to declare a mistrial on Monday if the solicitor was unable to show he was in good standing. Spears's counsel objected and

moved for an immediate mistrial on the basis that all the proceedings to that point were invalid. After further discussion, the trial court declared a mistrial.

In his sole enumeration of error, Spears maintains that a retrial would be improper because the mistrial was "due to the gross negligence of the state court solicitor which amounted to prosecutorial misconduct." We disagree.

"The general rule is that where a mistrial is granted at the behest of the defendant, a retrial is not barred by principles of double jeopardy unless the governmental conduct in question is intended to goad the defendant into moving for a mistrial." (Citations and punctuation omitted.) *Mobley v. State*, 262 Ga. 808, 809-810 (1) (426 SE2d 150) (1993). "Even where a prosecutor's conduct is sufficient to justify a grant of mistrial, the conduct nevertheless does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the double jeopardy clause. To authorize the grant of a plea of double jeopardy, the facts must warrant the conclusion that there was such an instigative intention." (Citations and punctuation omitted.) *Haralson v. State*, 227 Ga. App. 118 (488 SE2d 497) (1997).

Here, the record and transcript show only that the solicitor was unaware of his status with the State Bar until informed of it during trial by Spears's counsel. Spears asserts that the solicitor drove from Vidalia to Atlanta the following Monday to pay his dues in cash, arguing that this establishes not only a failure to pay dues but perjury in the solicitor's earlier statement that he had sent a check to the State Bar. But these assertions appear nowhere in the record. "This court cannot consider the factual assertions of the parties appearing in briefs when such evidence does not appear on the record. Moreover, parties cannot supplement the record merely by attaching matters to or reciting matters in their briefs." (Citations and punctuation omitted.) *State v. Ganong*, 221 Ga. App. 250 (470 SE2d 794) (1996).

Even if the solicitor failed to pay his Bar dues, Spears has not pointed to any evidence of intentional misconduct or "instigative intention" on the part of the solicitor. "In the instant case, the trial court who heard appellant's plea of double jeopardy obviously found no instigative intention and the evidence supports the finding of the trial court. It follows that appellant's plea in bar based upon double jeopardy was properly denied." (Citations and punctuation omitted.) *Williams v. State*, 207 Ga. App. 124, 125 (427 SE2d 59) (1993).

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 8, 1998 —
RECONSIDERATION DENIED SEPTEMBER 23, 1998 —

*Jason A. Craig*, for appellant.
*David B. Pittman, Solicitor*, for appellee.