A00A1720. BRINSON v. THE STATE.
(538 SE2d 122)

ELDRIDGE, Judge.

Barron Brinson directly appeals from the trial court's order denying his plea in bar on double jeopardy grounds. See *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982). Finding no error, we affirm.

Brinson was indicted for the offenses of possession of cocaine, possession of marijuana, driving under the influence, and weaving. Brinson pled not guilty to the offenses, and on August 31, 1999, the case was called for trial. The State proceeded to trial on the offenses of possession of cocaine, driving under the influence, and weaving only, because no formal testing was completed on the suspected marijuana.

After a jury was impaneled and sworn on the case, a hearing was held on Brinson's motion to exclude involuntary admissions. At such hearing, Officer Jody Caldwell of the Dawson County Sheriff's Department testified to the following chain of events. On December 10, 1997, Officer Caldwell was on patrol when he noticed that Brinson's vehicle was weaving and pulled him over. Initially, Officer Caldwell asked to see Brinson's driver's license and proof of insurance. Officer Caldwell testified that he noticed a strong odor of alcohol

---

[11] *Adams v. State*, 208 Ga. App. 29, 32 (2) (430 SE2d 35) (1993).
[12] *Lee v. State*, 241 Ga. App. 182, 183 (2) (525 SE2d 426) (1999).

coming from Brinson's vehicle. When asked by Officer Caldwell if he had been drinking, Brinson replied in the affirmative and produced a 22-ounce beer bottle. Officer Caldwell testified that during this conversation he noticed a vial which appeared to contain some white powder lying on the rear driver's side floor of Brinson's vehicle. When Officer Caldwell questioned Brinson about the vial, Brinson did not reply; instead he reached back, picked up the vial, and hid it from Officer Caldwell's view. At this point, Caldwell asked Brinson to submit to an alco-sensor test, on which Brinson registered negative.

Officer Caldwell then asked Brinson what he had hidden from him earlier. Brinson replied, "Nothing." Caldwell then asked Brinson if he had drugs in his vehicle. Brinson replied that he had a marijuana pipe and some marijuana in a camera film container and showed them to Officer Caldwell. Brinson also stated in response to further questioning by Officer Caldwell that the last time he had smoked marijuana was the previous evening. Brinson consented to Officer Caldwell's request to search his vehicle. Under the "brake lever," Officer Caldwell found the vial which contained a white powdery substance. He then placed Brinson under arrest and read him his *Miranda*[1] rights.

The trial court initially denied Brinson's motion to exclude involuntary evidence and held that all the statements made by Brinson were voluntary and, therefore, admissible. After a lunch recess, however, the trial court revisited the issue and conducted a further hearing on the voluntariness of Brinson's statements. The court ruled as follows: "[A]ny statement given in response to a question after the marijuana was found will be excluded. Now, voluntary statements, statements not made in response to a question would not be covered."

The jury was brought into the courtroom, and opening statements began. During his opening, the prosecutor made the following statement:

> The officer's going to tell you that in this case the reading was so low that he categorized it as a negative response so he asked him had he been using any drugs because the officer will tell you he's thinking the alcosensor is not what he's concerned about now, it's something else, or a combination he's thinking about and so the defendant responded to him, "Yes, I have smoked marijuana last night," and this is about 10:45.

At this point, Brinson's attorney began her objection but was stopped by the trial court, who told the prosecutor to "go ahead and finish

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

your final [sic] and we'll take the matter up." At the close of the prosecutor's opening statement, the jury was excused. After the trial court heard from both parties, Brinson's counsel moved for a mistrial on the basis that Brinson's statement that he had smoked marijuana the previous evening was made in response to questioning by Officer Caldwell after Brinson surrendered the marijuana pipe and the camera film container which contained the alleged marijuana to the officer. The trial court found that the prosecutor's remark about Brinson's admission of earlier marijuana use was not "done intentionally and in contravention of the court's ruling." However, the trial court found that such error could not be corrected by curative instructions and granted Brinson's motion for a mistrial.

When the case was subsequently called for trial, Brinson filed a "Plea in Bar/Plea of Double Jeopardy." After a hearing, Brinson's motion was denied. The judge hearing the motion found that:

> At the hearing on [Brinson's] motion, the prosecutor testified, and the transcript supports, that he had been unclear as to whether the statement concerning [Brinson's] marijuana use had been given before or after [Brinson] turned the marijuana pipe over to the officer. Despite the fact Judge Girardeau ruled on this statement specifically, it is clear to this [c]ourt that the prosecutor simply made a mistake in his opening statement. There is no evidence to support [Brinson's] assertion that the prosecutor intended to goad [Brinson] into requesting a mistrial because he was dissatisfied with the jury panel as sworn.

"In general when a defendant makes a motion for a mistrial he waives any claim of double jeopardy." *Spradley v. State,* 242 Ga. App. 340, 341 (529 SE2d 647) (2000); *Williams v. State*, 258 Ga. 305, 311 (369 SE2d 232) (1988). Where the prosecutor, however, has

> "goaded the defense into making a motion for a mistrial in order for the prosecution to avoid reversal of the conviction because of prosecutorial or judicial error or to otherwise obtain a more favorable chance for a guilty verdict on retrial, the Double Jeopardy Clause will stand as a bar to retrial. The Supreme Court of Georgia has adopted the test set out in *Oregon* [*v. Kennedy,* 456 U. S. 667 (102 SC 2083, 72 LE2d 416) (1982)]. The inquiry is whether the prosecutor intended to goad the defendant into moving for a mistrial and thus terminate the trial. What is critical is the objective of the prosecutor's conduct. Unless a prosecutor is trying to abort the trial, his or her misconduct will not prohibit a retrial.

> The question of whether the prosecutor intended to goad the defendant into moving for a mistrial is a question of fact for the trial court to resolve."

(Citations omitted.) *Spradley v. State*, supra at 341. See also *Oregon v. Kennedy*, supra at 676; *Williams v. State*, supra.

In this case, on direct examination during the motion to exclude involuntary admissions, Officer Caldwell testified to events out of the sequential order in which they occurred during the stop of Brinson's vehicle. Further, the prosecutor stated that during his opening statement he believed the statement concerning Brinson's previous marijuana use had not been excluded by the trial court's ruling; that his notes were in error and only after speaking again to Officer Caldwell did he realize that the statement was made after Brinson surrendered the marijuana and the pipe, not before; and that he had not deliberately disobeyed the court's order. Additionally, the fact that the prosecutor argued against a mistrial and requested that the trial court give curative instructions and allow the trial to go forward provides further evidence that the prosecutor was prepared to try the case immediately and did not intend to cause a mistrial to gain delay. Since the evidence of record supports the trial court's finding that the prosecutor's conduct was neither intentional nor done to goad the defendant into requesting a mistrial, we find that there was no error in the trial court's denial of Brinson's plea in bar. See *Spradley v. State,* supra at 343; *Haralson v. State*, 227 Ga. App. 118, 121 (488 SE2d 497) (1997).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 4, 2000.

*Spruell, Taylor & Associates, Billy L. Spruell, Melinda D. Taylor,* for appellant.

*Lydia J. Sartain, District Attorney, Lisa A. Jones, Assistant District Attorney, Scott A. Drake,* for appellee.