### A01A1382. FLENIKEN v. THE STATE.
(554 SE2d 280)

MIKELL, Judge.

Lewis Fleniken was charged with driving with an unlawful alcohol concentration, underage possession of alcohol, and driving the wrong way on a one-way street. During his jury trial, Fleniken moved for a mistrial after the arresting officer testified that he asked Fleniken if he would take an alco-sensor test. After a hearing outside of the jury's presence, the trial court granted Fleniken's motion because there was no evidence that the type of alco-sensor device utilized by the officer was approved for use in Georgia. Fleniken filed a plea in bar arguing that the state goaded him into moving for a mistrial when it intentionally elicited information concerning the field sobriety tests. Finding that the state had not goaded Fleniken into moving for a mistrial, the trial court denied his plea in bar. Fleniken appeals, and we affirm.

1. At the outset, we address Fleniken's motion to remand. Fleniken urges this Court to remand this case so that the trial court can hear evidence from the state on whether it intended to cause a mistrial. However, based on the trial court's order denying the plea in bar and the rule nisi order, it appears that the trial court held a hearing during which it heard evidence on the plea in bar. Accordingly, Fleniken's motion to remand is denied.

2. We next turn to the merits of the appeal. The record shows that Officer William Rodriguez stopped Fleniken because he was driving in the wrong direction on a one-way street. While talking to Fleniken, Officer Rodriguez noticed that his eyes were "somewhat red and glassy" and detected the smell of alcohol coming from Fleniken's breath and person. Officer Rodriguez asked Fleniken to take an alco-sensor test, and he agreed. The test was positive for the

presence of alcohol in Fleniken's system. Officer Rodriguez placed Fleniken under arrest and read him the implied consent notice. Fleniken agreed to submit to state-administered chemical testing, which showed blood alcohol concentration levels of 0.058 and 0.056.

Fleniken filed a motion to suppress the results of all field sobriety tests. The trial court denied his motion, but reserved its ruling on the admissibility of Fleniken's alco-sensor result until the time of trial. During the state's opening argument, the prosecutor informed the jury that Fleniken's alco-sensor result showed that he had alcohol in his system. Fleniken did not object.[1]

During the state's direct examination of Officer Rodriguez, the following colloquy occurred: "Q. Once you learned that he [Fleniken] was 19, what did you do next? A. I had — at that time having smelt [sic] alcohol on his breath and person and observing what I did about his eyes, I asked if he would take a [sic] alco-sensor test." Fleniken objected, and the jury was excused. Fleniken then moved for a mistrial, which the trial court denied. Before resuming the trial, however, the trial judge asked the prosecutor if he had evidence that would authorize the admission of the alco-sensor result in good faith. He replied that he did and offered into evidence a letter from the Georgia Bureau of Investigation that listed the breath-testing devices that were approved for use in Georgia.

The trial judge conducted a hearing to determine the admissibility of Fleniken's alco-sensor results, during which it stated that the state's letter was admissible. Fleniken then pointed out that there was no evidence that the alco-sensor used by the officer was one of the types that had been approved for use in Georgia, which is a prerequisite for its admissibility.[2] Consequently, Fleniken renewed his motion for a mistrial, and the trial court granted it. Fleniken subsequently filed his plea in bar arguing that the state goaded him into moving for a mistrial, which the trial court denied.

Generally, the defendant waives any claim of double jeopardy when he moves for a mistrial.[3] However, where the mistrial involves the question of prosecutorial misconduct and the defendant invokes the double jeopardy clause to bar a retrial, we apply the standard adopted by our Supreme Court from *Oregon v. Kennedy*,[4] which provides:

> The inquiry is whether the prosecutor intended to goad the defendant into moving for a mistrial and thus terminate the

---

[1] A bench conference occurred immediately after the conclusion of opening arguments, but it was not transcribed for our review. Fleniken does not enumerate as error the prosecutor's statement.

[2] OCGA § 40-6-392 (a) (1) (A).

[3] *Williams v. State*, 258 Ga. 305, 311 (1) (369 SE2d 232) (1988).

[4] 456 U. S. 667 (102 SC 2083, 72 LE2d 416) (1982).

trial. What is critical is the objective of the prosecutor's conduct. Unless a prosecutor is trying to abort the trial, his or her misconduct will not prohibit a retrial. The question of whether the prosecutor intended to goad the defendant into moving for a mistrial is a question of fact for the trial court to resolve.[5]

The *Oregon* Court stated that this standard "merely calls for the court to make a finding of fact. Inferring the existence or nonexistence of intent from objective facts and circumstances is a familiar process in our criminal justice system."[6] In this case, the trial court found, based upon the totality of the circumstances, that the state did not intend to goad Fleniken into moving for a mistrial. We agree.

"Even where a prosecutor's conduct is sufficient to justify a grant of mistrial, the conduct nevertheless does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the double jeopardy clause. . . . [T]he facts must warrant the conclusion that there was such an instigative intention."[7] The facts here do not warrant that conclusion. We agree with Fleniken's statement[8] during the trial that when the prosecutor mentioned the alco-sensor result during his opening statement, his intention was to introduce it properly into evidence. Further, since the trial court did not prohibit any reference to the alco-sensor test, we do not find that the state intentionally elicited inadmissible evidence with the intent to subvert the protections afforded Fleniken by the double jeopardy clause.

Fleniken incorrectly relies on *Wilson v. State*[9] in support of his argument that his plea in bar should have been granted. In that case, during the defendant's cross-examination, the prosecutor asked him whether he tried to negotiate a nolo contendere plea in his case.[10] We found that the prosecutor's error was so blatant and contrary to the most basic rules of prosecutorial procedure that the grant of a defendant's plea in bar was warranted.[11] *Wilson*[12] does not control this case because the error causing the mistrial here was not of the magnitude of the error made by the prosecutor in *Wilson*.

Based on our review of the record, we find that there is evidence to support the trial court's finding that the prosecutor did not goad

---

[5] (Citation omitted.) *Brinson v. State*, 245 Ga. App. 479, 481-482 (538 SE2d 122) (2000).

[6] *Oregon*, 456 U. S. at 675.

[7] *Spears v. State*, 234 Ga. App. 498, 499 (506 SE2d 446) (1998).

[8] During argument on the mistrial, Fleniken's counsel stated, "I didn't object to it [prosecutor's mention of the alco-sensor result] because he was going to attempt to make it admissible some other way."

[9] 233 Ga. App. 327, 330 (3) (503 SE2d 924) (1998).

[10] Id.

[11] Id.

[12] Id.

the defendant into moving for a mistrial. Accordingly, we affirm.
*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED AUGUST 21, 2001.

*McDonald & Cody, Douglas W. McDonald, Jr.,* for appellant.
*Ralph W. Powell, Jr., Solicitor-General, Carroll R. Chisholm, Jr., Kevin D. Gonzalez, Assistant Solicitors-General,* for appellee.