A05A1271. MATHIS v. THE STATE.
(623 SE2d 674)

BERNES, Judge.

Appellant Stuart Kelly Mathis was charged with speeding, driving under the influence, and an open container violation. A jury trial ensued during which the trial court granted Mathis' motion for mistrial made after the prosecutor made improper comments during closing argument. Mathis subsequently filed a motion for acquittal and discharge contending double jeopardy barred his further prosecution. The trial court denied the motion finding the prosecutor had not intended to subvert the protections afforded by the Double Jeopardy Clause. Mathis appeals the trial court's denial of his motion for discharge and acquittal. Because the trial court's findings are supported by the record, we affirm.

During closing argument, the prosecutor contended that Mathis was the president of a nationally renowned company and was a "wealthy man that's trying to buy his way out of a DUI." Mathis objected and moved for mistrial contending that the prosecutor's comments were based on facts not introduced into evidence and were improper and inflammatory.[1] The trial court granted Mathis' motion for a mistrial, but denied his subsequent plea in bar based on double jeopardy.

---

[1] Although a prosecutor is allowed to argue all reasonable inferences stemming from the evidence adduced at trial, he is not allowed to inject matters which have not been proven by the evidence during his closing argument. See *Daniels v. State*, 276 Ga. 632, 634 (6) (580 SE2d 221) (2003); *Williams v. State*, 254 Ga. 508, 511 (3) (330 SE2d 353) (1985). Although there had been evidence that Mathis traveled for business, there had been no evidence presented at trial that Mathis was a wealthy corporate president. "[E]vidence of the wealth or worldly circumstances of a party is never admissible, except in cases where position or wealth is necessarily involved." (Punctuation omitted.) *Hornsby v. State*, 139 Ga. App. 254, 258 (3) (228 SE2d 152) (1976), citing

In general[,] when a defendant makes a motion for a mistrial he waives any claim of double jeopardy. But, where the prosecutor has goaded the defense into making a motion for a mistrial in order for the prosecution to avoid reversal of the conviction because of prosecutorial or judicial error or to otherwise obtain a more favorable chance for a guilty verdict on retrial, the Double Jeopardy Clause will stand as a bar to retrial. The Supreme Court of Georgia has adopted the test set out in *Oregon [v. Kennedy*, 456 U. S. 667 (102 SC 2083, 72 LE2d 416) (1982)]. The inquiry is whether the prosecutor intended to goad the defendant into moving for a mistrial and thus terminate the trial. What is critical is the objective of the prosecutor's conduct.

(Citations omitted.) *Spradley v. State*, 242 Ga. App. 340, 341 (1) (529 SE2d 647) (2000). See also *Oregon*, 456 U. S. at 676.

Even where the prosecutor's misconduct is intentional and sufficient to justify a grant of mistrial, his or her misconduct will not prohibit a retrial unless the record shows that the prosecutor's objective was to abort the trial and to subvert the protections afforded by the Double Jeopardy Clause. *Haralson v. State*, 227 Ga. App. 118 (1) (488 SE2d 497) (1997); *Dinning v. State*, 267 Ga. 879, 881 (485 SE2d 464) (1997). "The question of whether the prosecutor intended to goad the defendant into moving for a mistrial is a question of fact for the trial court to resolve." (Citations omitted.) *Spradley*, 242 Ga. App. at 341 (1). The trial court's resolution of fact will be upheld unless clearly erroneous. *State v. Thomas*, 275 Ga. 167, 168 (562 SE2d 501) (2002).

The record in this case supports the trial court's finding that the improper arguments of the prosecutor were not made for the purpose of subverting the protections afforded by the Double Jeopardy Clause. The prosecutor opposed the mistrial and expressed his belief that Mathis' financial status was a reasonable inference to be drawn from the evidence presented in the case.[2] When the issue arose, the trial judge recalled being informed that Mathis was the owner of a renowned company, but Mathis' counsel claimed that this discussion

---

*Northwestern Univ. v. Crisp*, 211 Ga. 636, 641 (88 SE2d 26) (1955); *Smith v. Satilla Pecan Orchard &c. Co.*, 152 Ga. 538, 545 (3) (110 SE 303) (1922).

[2] At trial, defense witness Phillip Wallace testified during direct examination that Mathis frequently traveled to town for business and that Mathis' company was affiliated with his former employer, UPS Stores. Moreover, defense expert, Mary McMurray, testified without objection that she was being paid for her consultation and time in this case; that she flew in from Wisconsin to testify at trial; and that she would be reimbursed for her travel expenses. Another defense expert, William Taylor, also testified without objection that he was being paid $900 for his services during the three days of trial.

occurred outside the presence of the jury. The trial judge concluded that Mathis' financial status previously had been discussed, albeit outside the jury's presence, and that otherwise, there had been evidence adduced at trial as to compensation for the defense experts. As such, the trial judge attributed the prosecutor's comment to simple mistake.

In his brief responding to Mathis' motion for discharge and acquittal, the prosecutor admitted his mistake and maintained that he was not trying to subvert the outcome of trial because he was "extremely confident that [Mathis] was going to be convicted." See *Williams v. State*, 268 Ga. 488, 490 (491 SE2d 377) (1997). Mathis has not contravened the prosecutor's explanation by pointing to any evidence to the contrary, nor has he shown any evidence of improper motive or benefit to the State upon retrial of the case.[3] Absent such evidence, the trial court was authorized to find, as it did, that the prosecutor's comments were not made purposefully to subvert double jeopardy protections. See *Steward v. State*, 251 Ga. App. 657, 658-659 (555 SE2d 33) (2001); *Brinson v. State*, 245 Ga. App. 479, 481-482 (538 SE2d 122) (2000) (where court found that the prosecutor simply made a mistake in his opening statement); *Spradley*, 242 Ga. App. at 342-343 (1); *Haralson*, 227 Ga. App. at 120-121 (1) (record supported trial court's finding that the prosecutor's intention was to convict the defendant, not to cause a mistrial).

Moreover, we do not find, as suggested by Mathis, that the prosecutor's conduct was "so blatant and so contrary to the most basic rules of prosecutorial procedure" as to give rise to a presumption of unlawful intent. See *Wilson v. State*, 233 Ga. App. 327, 329-330 (3) (503 SE2d 924) (1998).[4] "The bar of double jeopardy is such an extreme sanction against the interest of the state in prosecuting one who has been indicted for a crime that *it should be applied strictly and only when the circumstances clearly show* the prosecutor intended to subvert the protections afforded by the Double Jeopardy Clause." (Citation and punctuation omitted; emphasis supplied.) *State v. Oliver*, 188 Ga. App. 47, 52 (3) (372 SE2d 256) (1988). Mathis has failed to make the requisite clear showing in this case.

---

[3] We note that the improper comment did not occur until the State's closing argument following three days of trial. Therefore, conceptually, "the prosecution had already built its case against [Mathis] and had no reason to abort the first trial by forcing a mistrial." *State v. Oliver*, 188 Ga. App. 47, 52 (3) (372 SE2d 256) (1988).

[4] In *Wilson*, we held that the only reasonable conclusion to draw from the facts and circumstances of the case were that the prosecutor intended to cause a mistrial when he queried the defendant regarding pre-trial plea negotiations. Central to our decision was the prosecutor's further "attempt to preclude the evidence introduced at trial from becoming a part of the record for our review, . . . necessitating an order from this Court to get such evidence." *Wilson*, 233 Ga. App. at 330 (3).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 4, 2005 —
RECONSIDERATION DENIED DECEMBER 1, 2005 —

*Head, Thomas, Webb & Willis, William C. Head,* for appellant.
*Gregory R. Barton, Solicitor-General,* for appellee.