A07A0619. ANDERSON v. THE STATE.
(645 SE2d 647)

SMITH, Presiding Judge.

Willie Anderson appeals from the trial court's order denying his plea in bar based on double jeopardy. Anderson claims that because the prosecutor intentionally goaded him into moving for a mistrial, the State cannot retry him. Because the prosecutor's conduct violated

---

one of the most basic rules of prosecutorial procedure, we conclude that the trial court erred by denying Anderson's plea in bar of double jeopardy.

The record shows that the prosecutor produced documents in discovery showing that Anderson refused to speak with police and requested a lawyer after being read his *Miranda* rights. The prosecutor therefore knew or should have known that Anderson exercised his right to remain silent and seek counsel before trial. It is elementary that a "defendant has the right to remain silent and to be represented by counsel and the exercise of these rights is not to be used as evidence against him. [Cit.]" *Hosch v. State*, 246 Ga. 417, 419 (2) (271 SE2d 817) (1980). Despite this well-established law, during the direct examination of a police officer, the prosecutor elicited testimony that Anderson refused to sign a waiver of his rights after being arrested. The following colloquy then took place:

Q. After that, did you attempt to take a statement or have an interview with him of any kind?
A. Yes, sir, I did.
Q. What did you do?
A. Once I read him the waiver of rights, I told him that I wanted to get a statement and get his side of the story, and he said that he had nothing to say to me and that he wanted a lawyer.

Defense counsel immediately objected and moved for a mistrial. The prosecutor argued that he had done nothing improper. The trial court granted the mistrial, stating, "I think it's as basic as basic can be. A defendant has the right to remain silent and the State cannot comment on his right to remain silent and the State cannot comment on his invocation of his right to counsel. . . . It's as plain as the nose on your face."

Following the grant of the mistrial, Anderson filed a plea in bar and plea of former jeopardy.[1] During the hearing, defense counsel presented evidence showing that the prosecutor knew before trial that Anderson had invoked his right to remain silent and had requested an attorney. Defense counsel argued that the prosecutor, who had been an attorney for over 30 years, "knows better" than to ask questions seeking such clearly inadmissible evidence and that he intentionally goaded the defense into moving for a mistrial. The trial

---

[1] The judge who heard and ruled on the plea was not the judge who granted the mistrial.

court denied the defendant's plea in bar. The trial court did so without explanation and without any findings of fact with regard to the prosecutor's intent.

"Generally, where a mistrial is granted on the defendant's motion, double jeopardy does not bar a retrial unless it is established that the State intended to 'goad' the defendant into moving for a mistrial to avoid a reversal or to obtain a more favorable chance of a guilty verdict on retrial." (Citations omitted.) *Steward v. State*, 251 Ga. App. 657, 658 (555 SE2d 33) (2001). As in *Wilson v. State*, 233 Ga. App. 327 (503 SE2d 924) (1998) (physical precedent only),

> [w]e find it impossible to believe that an error which is so blatant and so contrary to the most basic rules of prosecutorial procedure and conduct could have been simply a negligent act. To allow this prosecutor's action to be categorized as a mistake would require this Court to assume that this prosecutor was totally lacking the foundational knowledge for prosecutorial conduct in a courtroom. . . . State prosecutors are generally knowledgeable and well trained — too knowledgeable and well trained not to know the consequences of a question such as that asked by the prosecutor in this case.

Id. at 330 (3).

We also note that the State's case hinged on identification testimony that was far from positive and uncontradicted. The victim saw the perpetrator for a very short time and did not provide a positive identification of Anderson in a photo lineup, stating instead that Anderson "looked the closest to the man." The only other witness told a police officer that she did not see the robbery and did not believe that she could identify the robber, yet testified at trial that the man sitting at the defense table, Anderson, was the robber. Based on the weaknesses in the State's identification evidence and the egregious nature of the State's conduct, "we find that, under the facts in this case, the prosecutor must have intended that [his] inappropriate question would result in a mistrial and, concomitantly, the mistrial was intended by [him]." *Wilson*, supra at 330 (3). Therefore, the trial court erred by denying Anderson's plea in bar.[2]

---

[2] The Georgia Supreme Court's opinion in *Smith v. State*, 244 Ga. 814 (262 SE2d 116) (1979), does not alter this result. In *Smith*, supra, the Supreme Court was not asked to address whether a prosecutor intentionally goaded a defendant into moving for a mistrial. Id. at 814-816 (1). Instead, it addressed whether a witness's volunteered comment that the defendant exercised his right to remain silent was harmless based on the particular facts before it. Id. The Supreme Court ruled that the passing reference did not prejudice the defendant in the eyes of

*Judgment reversed. Barnes, C. J., and Miller, J., concur.*

DECIDED APRIL 24, 2007.

*Timothy L. Eidson, Jason P. Carini*, for appellant.
*Denise D. Fachini, District Attorney, Henry O. Jones III, Assistant District Attorney*, for appellee.

---

the jury. The case before us now deals with a granted mistrial stemming from intentional goading, not a passing reference.