A09A1737. ALLEN v. THE STATE.
(691 SE2d 908)

BARNES, Judge.

Richard J. Allen appeals the trial court's order denying his plea in bar. After the prosecutor said in his opening statement that he suspected "the defense may call witnesses to testify on his behalf," Allen's motion for a mistrial was granted because the trial court found the statement, even though inadvertent and unintentional, shifted the burden of proof to Allen. When the prosecution re-set the case for trial, Allen filed a plea in bar on double jeopardy grounds. The trial court denied the plea in bar, and this appeal followed. For the reasons stated below, we affirm the trial court.

"The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion. [Cit.]" (Punctuation omitted.) *Strickland v. State*, 300 Ga. App. 898 (686 SE2d 486) (2009). In general, if a defendant's

---

motion for a mistrial is granted, double jeopardy does not bar a retrial. *Steward v. State*, 251 Ga. App. 657, 658 (555 SE2d 33) (2001).
When a prosecutor, however, goads

> the defense into making a motion for a mistrial in order for the prosecution to avoid reversal of the conviction because of prosecutorial or judicial error or to otherwise obtain a more favorable chance for a guilty verdict on retrial, the Double Jeopardy Clause will stand as a bar to retrial. The Supreme Court of Georgia has adopted the test set out in *Oregon v. Kennedy*, 456 U. S. 667 (102 SC 2083, 72 LE2d 416) (1982). The inquiry is whether the prosecutor intended to goad the defendant into moving for a mistrial and thus terminate the trial. What is critical is the objective of the prosecutor's conduct. Unless a prosecutor is trying to abort the trial, his or her misconduct will not prohibit a retrial. The question of whether the prosecutor intended to goad the defendant into moving for a mistrial is a question of fact for the trial court to resolve.

(Citations omitted.) *Brinson v. State*, 245 Ga. App. 479, 481-482 (538 SE2d 122) (2000).

Allen contends the prosecutor's burden-shifting comment was sufficiently egregious to prohibit further prosecution. Relying on *Williams v. State*, 258 Ga. 305, 313 (2) (369 SE2d 232) (1988) (prosecutor's allegedly improper comments at press conference), and *Anderson v. State*, 285 Ga. App. 166, 167 (645 SE2d 647) (2007) (prosecutor questioned the defendant on his invocation of his right to remain silent), he argues that the grant of a mistrial in these circumstances should bar further prosecution. He also relies on the trial judge's comment that he had never seen anything like this while practicing. He contends it is impossible to believe that

> an error which is so blatant and so contrary to the most basic rules of prosecutorial procedure and conduct could have been simply a negligent act. To allow this prosecutor's action to be categorized as a mistake would require this Court to assume that this prosecutor was totally lacking the foundational knowledge for prosecutorial conduct in a courtroom. . . . State prosecutors are generally knowledge-able and well trained — too knowledgeable and well trained not to know the consequences of a question such as that asked by the prosecutor in this case.

*Anderson*, supra, 285 Ga. App. at 168, citing *Wilson v. State*, 233 Ga.

App. 327, 330 (3) (503 SE2d 924) (1998) (physical precedent only). Thus, he contends the Double Jeopardy Clause[1] should prohibit further prosecution because the comments could only have been intentional.

The trial court's order, however, found this case to be analogous to *Brinson*, supra, in which a plea in bar was denied because the court found the prosecutor did not intentionally introduce a suppressed statement during opening arguments. We agree.

The comment in this case does not rise to the level of the prosecutor's misconduct in *Anderson* or *Williams*, supra. In the order granting the mistrial the trial court stated that the prosecution "inadvertently and unintentionally" made an "improper inference" about the defendant calling witnesses to testify. The prosecution had witnesses present to testify at trial and was ready to proceed. The prosecutor believed the statement could be used to address possible defenses.

Overall, the test set forth in *Oregon v. Kennedy*, supra, has not been met. No evidence exists of any *intentional* prosecutorial misconduct and the trial court, as the finder of fact, found the prosecution's conduct to be unintentional. Therefore, because the trial court's findings support its conclusion, we affirm the denial of the plea in bar.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 17, 2010.

*Daniels & Rothman, Jeffrey A. Rothman*, for appellant.
*Carroll R. Chisholm, Jr., Solicitor-General, Markus Boenig, Assistant Solicitor-General*, for appellee.

---

[1] "No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial." Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII.