A10A0789. BRYANT v. THE STATE.
(699 SE2d 433)

BARNES, Presiding Judge.

Xavier Bryant appeals from the denial of his plea in bar. Finding no error, we affirm.

Bryant was indicted for aggravated sexual battery, aggravated sodomy, three counts of aggravated child molestation, and three counts of child molestation relating to acts allegedly committed against his nine-year-old stepsister between December 31, 2004, and June 2, 2005. Trial commenced in June 2007, and the State called the victim's mother as its first witness.

During cross-examination, defense counsel asked the mother whether she knew when the molestation took place. The mother responded that, while speaking with a psychologist the day before trial began, the victim indicated that the acts occurred when Bryant was babysitting her "during the time that she was out of school." On further cross-examination, the mother stated: "Yesterday there was

a lot of stuff came out at the psychologist that I did not know. She told the psychologist that it happened multiple times during the day, so I believe her." At that point, defense counsel asked the court to instruct the mother "not to state her opinion." The trial court told the jury to disregard "any comments by the [mother] concerning what her opinions are in this case," then sent the jury out of the courtroom so that defense counsel could voir dire the mother about the victim's recent therapy session.

Apparently, neither the prosecuting attorney nor defense counsel knew that the victim had seen this particular psychologist. The mother explained that the victim had met with the psychologist twice, that she had not told the prosecutor about the sessions, and that she "just wanted her [daughter] to talk to somebody." Asserting that he had no notice of molestation occurring after June 2, 2005, defense counsel then tried to clarify whether the victim's statement to the psychologist meant that the molestation took place in the afternoon on a school day or after school was out for the summer. The mother responded that she did not know. The trial court expressed dismay that the prosecution, defense counsel, and the court were learning about the child's recent trip to the psychologist on the first day of trial. The judge then asked defense counsel whether he wanted a mistrial. Defense counsel indicated that he did, and the trial court granted the request.

After the mistrial, the State reindicted Bryant for the same offenses, but based on new information received from the mother, it extended the original charging period through July 18, 2005. The indictment also added a rape allegation. In response, Bryant filed a plea in bar alleging that jeopardy had attached in the first trial and precluded a retrial. The trial court denied the motion, and this appeal followed.

A defendant who requests a mistrial generally waives any claim of double jeopardy. *Mathis v. State*, 276 Ga. App. 587, 588 (623 SE2d 674) (2005). But when the prosecution goads the defense into seeking a mistrial "to avoid reversal of the conviction because of prosecutorial or judicial error or to otherwise obtain a more favorable chance for a guilty verdict on retrial, the Double Jeopardy Clause will stand as a bar to retrial." Id. The key "inquiry is whether the prosecutor intended to goad the defendant into moving for a mistrial and thus terminate the trial." Id. The trial court must resolve this issue of intent, and its ruling will be upheld unless clearly erroneous. Id.

Bryant argues that the State intentionally caused the mistrial here by not instructing the victim's mother about proper testimony and by failing to keep abreast of the victim's counseling sessions. In essence, he contends that the State wanted a new trial so that it

could extend the charging period and undermine his effort to present an alibi. The State, however, offered evidence that the prosecutor did not know about the expanded period or the rape allegation until after Bryant asked for a mistrial. Moreover, the prosecutor argued during the first trial that the trial court could remedy any problems created by the mother's testimony through a curative instruction.

Perhaps, as Bryant suggests, the prosecutor should have done more to prevent improper testimony and should have kept abreast of the victim's therapy sessions, but his conduct was not "so blatant and so contrary to the most basic rules of prosecutorial procedure and conduct" that it demands a finding of intent. *Anderson v. State*, 285 Ga. App. 166, 168 (645 SE2d 647) (2007). The prosecutor did not elicit the opinion statement, which came out on cross-examination. And although he did not specifically instruct the mother on appropriate testimony, he advised her to tell the truth. Finally, he denied any knowledge that the victim had attended a therapy session the day before trial.

Given these circumstances, the evidence did not demand a finding that the prosecutor goaded the defense into moving for a mistrial or tried to terminate the trial. Compare *Anderson*, supra (prosecutor goaded mistrial by questioning police officer about defendant's decision to remain silent). Accordingly, we discern no error in the denial of Bryant's plea in bar. See *Allen v. State*, 302 Ga. App. 852, 854 (691 SE2d 908) (2010); *Mathis*, supra at 589.

*Judgment affirmed. Bernes, J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 14, 2010.

*John G. Wolinski, John R. Mobley II*, for appellant.
*C. Paul Bowden, District Attorney*, for appellee.