**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 3, 2018**

# In the Court of Appeals of Georgia

A17A1941. HARRIS v. THE STATE.

BETHEL, Judge.

Jason Ian Harris was charged with one count of child molestation. A jury trial ensued during which the trial court granted Harris' motion for mistrial made after the prosecution played an unredacted video of the defendant's interview with a state investigator. Harris subsequently filed a plea in bar/motion in autrefois convict contending that the double jeopardy clause barred his further prosecution. The trial court denied the motion, finding that the prosecutor had accidentally forgotten to redact the video and had no reason to induce a mistrial intentionally. Harris appeals the trial court's denial of his plea in bar/motion in autrefois convict. Because the trial court's findings are supported by the record, we affirm.

Before the jury in this case was selected, the trial court heard pretrial motions. Harris presented a motion in limine asking that a portion of his video-recorded interview by a state investigator be redacted — specifically, where the state investigator requested that Harris take a voice stress test. The State argued that a limiting instruction be given instead because of the difficulty with editing the objectionable segment out of the video. The trial court granted Harris' motion, ordering that the video-recorded interview be redacted such that the jury would not hear references to a voice-stress test.

Approximately seven or eight days later at trial, the State published the video recording of Harris' interview to the jury, including the portion of the interview that the trial court had originally ordered to be redacted. The trial court immediately stopped the trial and excused the jury from the courtroom. When asked for an explanation, the State responded:

> I apologize. I didn't edit – there is no way to edit it out, and I was not paying attention. I apologize. I would suggest a limiting instruction that they disregard that questioning[.]

2

Harris moved for a mistrial, which the trial court granted, after noting with regret that the State's mistake would force the child witness to have to testify at trial a second time. Harris also filed a plea in bar/motion in autrefois convict, and following a hearing on the motion, the trial court denied it. This appeal followed.

> In general, when a defendant makes a motion for a mistrial, he waives any claim of double jeopardy. But, where the prosecutor has goaded the defense into making a motion for a mistrial in order for the prosecution to avoid reversal of the conviction because of prosecutorial or judicial error or to otherwise obtain a more favorable chance for a guilty verdict on retrial, the Double Jeopardy Clause will stand as a bar to retrial. The Supreme Court of Georgia has adopted the test set out in *Oregon v. Kennedy*, 456 U.S. 667 (102 SCt 2083, 72 LEd2d 416) (1982). The inquiry is whether the prosecutor intended to goad the defendant into moving for a mistrial and thus terminate the trial. What is critical is the objective of the prosecutor's conduct.

*Mathis v. State*, 276 Ga. App. 587, 588 (623 SE2d 674) (2005) (citations and punctuation omitted). "Even where the prosecutor's misconduct is intentional and sufficient to justify a grant of mistrial, his or her misconduct will not prohibit a retrial unless the record shows that the prosecutor's object was to abort the trial and to subvert the protections afforded by the Double Jeopardy Clause." *Id.* (citations omitted). "The question of whether the prosecutor intended to goad the defendant into

3

moving for a mistrial is a question of fact for the trial court to resolve."[1] *Spradley v. State*, 242 Ga. App. 340, 341 (1) (529 SE2d 647) (2000) (citation omitted). "The trial court's resolution of fact will be upheld unless clearly erroneous." *Mathis*, 276 Ga. App. at 588 (citation omitted). "A trial court's findings of fact will not be deemed to be clearly erroneous if there is any evidence to support them, and this holds true even if the findings are based upon circumstantial evidence and the reasonable inferences which flow from them." *State v. Thomas*, 275 Ga. 167, 168 (562 SE2d 501) (2002) (citation omitted).

The record in this case supports the trial court's finding that playing the unredacted video was not for the purpose of subverting the protections afforded by the Double Jeopardy Clause. The prosecutor opposed the mistrial and expressed her preference that the trial continue forward. Further, at the hearing on Harris' motion for plea in bar/motion in autrefois convict, the prosecutor explained that she was not paying attention to the fact that she would need to mute the video because she had forgotten. More specifically, the prosecutor testified:

---

[1] The United States Supreme Court, in concluding that a standard that examines the intent of the prosecutor has some difficulties but is still manageable, stated: "It merely calls for the court to make a finding of fact. Inferring the existence or nonexistence of intent from objective facts and circumstances is a familiar process in our criminal justice system." *Kennedy*, 456 U.S. at 676.

I forgot about the video. I did not take steps to edit the video and the videos are hard to edit but I didn't take the precaution because I forgot to tell the investigator to make sure we muted that portion somehow . . . . I was preparing the rest of the case and I forgot about the video.

The prosecutor maintained that she was not trying to subvert the outcome of the trial because she thought the witnesses had testified well and she was confident Harris was going to be convicted.

"[T]he fact that the prosecutor argued against a mistrial and requested that the trial court give curative instructions and allow the trial to go forward provides further evidence that the prosecutor was prepared to try the case immediately and did not intend to cause a mistrial to gain delay." *Brinson v. State*, 245 Ga. App. 479, 482 (538 SE2d 122) (2000). Absent some persuasive evidence of improper motive or benefit to the State upon retrial of the case, the trial court was authorized to find, as it did, that the prosecutor's failure to redact the video was not made purposefully to subvert double jeopardy protections. *See Allen v. State*, 302 Ga. App. 852, 854 (691 SE2d 908) (2010) (no evidence existed of intentional prosecutorial misconduct where the trial court, as the finder of fact, found the prosecution's prohibited comment during opening statements to be unintentional); *Steward v. State*, 251 Ga. App. 657, 658-59 (555 SE2d 33) (2001) ("the fact that the government blunders at trial and the blunder

5

precipitates a successful motion for a mistrial does not bar a retrial" (citation and punctuation omitted)); *Brinson*, 245 Ga. App. at 481-82 (trial found prosecutor's conduct was neither intentional nor done to goad defendant into requesting a mistrial where court found that the prosecutor simply made a mistake in his opening statement).

Moreover, we do not find, as suggested by Harris, that the prosecutor's conduct was "so blatant and so contrary to the most basic rules of prosecutorial procedure" as to give rise to a presumption of unlawful intent. *See Wilson v. State*, 233 Ga. App. 327, 329-30 (3) (503 SE2d 924) (1998) (physical precedent only). "The bar of double jeopardy is such an extreme sanction against the interest of the state in prosecuting one who has been indicted for a crime that it should be applied strictly and only when the circumstances clearly show the prosecutor intended to subvert the protections afforded by the Double Jeopardy Clause." *State v. Oliver*, 188 Ga. App. 47, 52 (3) (372 SE2d 256) (1988) (citation and punctuation omitted). Harris has failed to make the requisite showing in this case.

*Judgment affirmed. McFadden, P. J., and Branch, J., concur.*