# Court of Appeals
# of the State of Georgia

ATLANTA, April 02, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1438. DARYL BAPTISTE v. THE STATE.**

In 1994, a grand jury indicted Daryl Baptiste[1] for armed robbery, aggravated assault, false imprisonment, kidnapping, and theft by taking. In October 1996, the trial court entered an order of nolle prosequi as to the 1994 case (Case No. 94-CR-2611), noting that Baptiste had been re-indicted in 1996 (Case No. 96-CR-5149). Baptiste ultimately pled guilty in the 1996 case to two counts of aggravated assault and two counts of false imprisonment. See *Baptiste v. State*, 229 Ga. App. 691, 693 (494 SE2d 530) (1997). The trial court denied Baptiste's subsequent motion to withdraw his guilty pleas, and, on appeal, we affirmed his convictions. See generally id.

Despite the order of nolle prosequi in the 1994 case, Baptiste has filed a number of motions and appeals and at least one application to appeal in that case. We dismissed each of those appeals and the application to appeal. See *Baptiste v. State*, Case No. A06A1179 (Feb. 17, 2006); *Baptiste v. State*, Case No. A06D0226 (Mar. 9, 2006); *Baptiste v. State*, Case No. A06A2180 (July 21, 2006); *Baptiste v. State*, Case No. A11A0568 (Dec. 2, 2010); *Baptiste v. State*, Case No. A23A0216 (Sept. 14, 2022); *Baptiste v. State*, Case No. A23A0753 (June 8, 2023).

In June 2024, Baptiste filed, in his 1994 case, a pro se plea of autrefois convict, arguing that the dismissal of the charges against him in that case was illegal and "barred all further prosecution for conduct stemming from the same conduct" and that the charges against him in the 1996 case therefore should be dismissed. In August

---

[1] Baptiste's first name also is spelled "Darryl" in the record.

2024, Baptiste filed a counseled motion to re-enter an unidentified "final order." In October 2024, Baptiste filed a pro se motion for a hearing and to amend the October 1996 order of nolle prosequi. The trial court dismissed the plea of autrefois convict and denied the other motions. This appeal followed. We lack jurisdiction.

A motion in autrefois convict is the equivalent of a plea in bar on double-jeopardy grounds. See *Harris v. State*, 344 Ga. App. 193, 193 (810 SE2d 563) (2018); *Holt v. State*, 339 Ga. App. 230, 230-232 & n. 1 (793 SE2d 516) (2016); Black's Law Dictionary 161 (10th ed. 2014). And the denial of a plea in bar on double-jeopardy grounds generally is directly appealable. See *Patterson v. State*, 248 Ga. 875, 876-877 (287 SE2d 7) (1982); *Cotten v. State*, 251 Ga. App. 628, 628 n. 1 (555 SE2d 15) (2001). Here, however, Baptiste previously raised a post-conviction double-jeopardy challenge to his convictions, which the trial court denied, and we dismissed his ensuing appeal on the ground that his challenge constituted an improper post-conviction attempt to vacate his convictions. See Case No. A11A0568. That ruling is the law of the case and bars his current appeal from the dismissal of his plea of autrefois convict. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (citation and punctuation omitted); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a defendant "is not entitled to another bite at the apple by way of a second appeal").

Moreover, Baptiste's requests for a hearing and to amend the October 1996 order of nolle prosequi are inextricably intertwined with the relief he ultimately seeks: a ruling vacating his convictions in Case No. 96-CR-5149. Those requests similarly provide no basis for an appeal here for the same reasons we dismissed Baptiste's appeal in Case No. A11A0568: i.e., because "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Finally, to the extent that Baptiste seeks to appeal the denial of his counseled motion to re-enter an unidentified "final order," there would be nothing for us to review in any such appeal, as no order was identified in the counseled request.

For the above reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  04/02/2025

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*